Rup, J.
The plaintiff, Robert Collins, has brought this action against his insurer alleging breach of contract and demanding arbitration. The defendant, The Travelers Indemnity Company (“Travelers”), has moved for summaiyjudgment asserting that the plaintiff failed to give timely notice of his claim for under-insured benefits and that the statute of limitations bars the plaintiffs claim. For the following reasons, Travelers’ motion for summaiy judgment is hereby denied.
BACKGROUND
On December 21, 1985, the plaintiff suffered injuries as the result of a two-car accident in which Edward Tourigny (“Tourigny”) operated a car which collided with that of the plaintiff. The plaintiff maintained automobile insurance policies with Travelers at that time.
In the fall of 1991, the plaintiffs counsel notified Travelers of the plaintiffs claim for underinsurance benefits available under those policies. Travelers refused to pay the benefits and the plaintiff filed the instant suit on August 10, 1992.
DISCUSSION
The court should grant summaiy judgment when there are no genuine material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
Travelers here asserts that the plaintiffs suit is time barred because he filed it after the limitation period had run. An action on an underinsured motorist policy is an action in contract and the applicable limitations period is six years. Royal Globe Ins. Co. v. Craven, 411 Mass. 629, 636 (1992); G.L. c. 260, §2. Travelers argues that the limitation period began to run on the date of the plaintiffs accident (December 21, 1985), some six years and eight months before the plaintiff filed the instant suit. While the Massachusetts courts have not directly addressed the issue of when the limitations period begins on an underinsured claim, the opinion of the Superior Court of Pennsylvania in Boyle v. State Farm Mut. Ins. Co., 456 A.2d 156 (1983) is instructive on this issue. “An action to enforce a contract does not accrue until the party’s rights under the contract have vested. Under the terms of the uninsured motorist coverage endorsement, the insured’s right to payment did not vest until: (1) the insured was in a motor vehicle accident; (2) the insured sustained bodily injury as a result of that accident; and (3) the insured knows of the uninsured status of the other owner or operator.” Id. at 162 (emphasis supplied).
Simple logic indicates that until an insured learns the particulars of the responsible third party’s insurance coverage — information often not made available for many months after the date of the accident — the insured cannot properly assess whether that third party’s coverage is adequate to cover the insured’s losses. It follows that until the insured learns of the third party’s coverage, the insured is in no position to make a claim for underinsurance benefits available under his or her own policy and, therefore, the limitations period would begin once the insured determines or reasonably should have determined that the responsible third party did not have sufficient liability insurance to fairly compensate the insured.[1] Cf. International Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass.App.Ct. 215, 218, 222-23 (1990) (discussion of the “discovery rule” tolling the accrual date for the statutory limitations periods for negligence actions and certain contract actions). See also, Royal Globe Ins. Co. v. Craven, supra at 638 (“The basis of [the insurer’s] liability is not its actions resulting in personal injuiy but, rather, its contractual promise to indemnify against such injury”).
*4 Travelers, in moving for summary judgment, assumes the burden of affirmatively demonstrating that no genuine issue of material fact exists on the relevant issue, Pederson v. Time, Inc., supra at 17, in this case, the date on which the statute of limitations period began.[2] Travelers, therefore, has the burden of proving that no genuine issue exists as to when the plaintiff knew or should have known that Tourigny did not have sufficient insurance coverage to adequately compensate the plaintiff for his injuries.[3] This Travelers has not done; rather, Travelers has asserted only that the limitations period began on the date of the plaintiffs accident.
Travelers next raises the issue of untimely notice, asserting that the plaintiff failed to give prompt notice to its insurer of his underinsurance claim. Both parties state that the applicable provision of the standard Massachusetts automobile insurance policy regarding notification reads: “We . . . must be notified promptly of the accident or loss by you or someone on your behalf.”[4] They agree that the plaintiff notified Travelers of his claim for underinsurance benefits in the fall of 1991. They disagree on how, if at all, the notification provision applies to the underinsurance claims.
Travelers argues that the requirement applies to underinsurance claims, and that, as a matter of law, the plaintiffs claim for underinsured benefits made in the fall of 1991, five years and ten months after the accident, did not constitute prompt notification. The plaintiff states that the policy requires prompt notice only of accident or loss, not prompt notice' of a claim for underinsurance benefits and asserts that Travelers did, in fact, receive prompt notice of the accident.
The language and meaning of the notice provision are plain and unambiguous: the insured must promptly notify the insurer of an accident or loss.[5] While the plaintiff will have the burden of proving prompt notice at trial, Royal-Globe, Ins. Co. v. Craven, supra at 634 and cases cited, in moving for summary judgment, Travelers “has the burden of initially showing there is an absence of evidence,” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991), citing Celotex Corp. v. Catrett, 447 U.S. 317, 328 (1986) (White, J. concurring), to sustain the plaintiffs burden on that issue.
Viewing the evidence in a light most favorable to the plaintiff as nonmoving party, Augat, Inc. v. Liberty Mutual Ins. Co., 410 Mass 117, 120 (1991), Travelers has not met its burden of demonstrating that it did not receive timely notice of the plaintiffs accident or loss. Because Travelers takes the position that the policy required prompt notice of the underinsurance claim, it uses the fall 1991 notification of uninsurance claim as the operative date. The plaintiff, on his part, has put forth specific facts that Travelers sent the plaintiff an application for PIP benefits for injuries and losses resulting from the December 21, 1985 accident five days after it took place, that the plaintiff returned the completed application on or about December 31, and that Travelers thereafter paid PIP benefits to the plaintiff during 1986.[6] Giving “promptly” its fair, common, and ordinary meaning, Augat Inc. v. Liberty Mutual Ins. Co., supra at 121, the plaintiff has presented evidence tending to demonstrate that notice to Travelers was “performed readily or immediately, [and] given without delay or hesitation.” Webster’s Third New Int’l Dictionary 1816 (1961). He has demonstrated that “there is a genuine issue for trial.” Mass. R. Civ. P. 56(c).
ORDER
It is therefore ORDERED that the Defendant, Travelers Indemnity Company’s Motion for Summary Judgment be denied.

 Notably, the Office of the Commissioner of Insurance for the Commonwealth of Massachusetts holds the position that the statute of limitations on underinsurance claims begins to ran “on the date the claimant knows or reasonably should have known that the responsible third party did not have sufficient motor vehicle insurance coverage to fairly compensate the claimant" (Affidavit of Victor Fanikos, Esquire, Legal Department, Office of the Commissioner of Insurance, filed in support of Plaintiffs Opposition to Defendant’s Motion for Summary Judgment)

 Travelers, in pleading the affirmative defense, would also bear the burden of proof on this issue at trial.

 fyhe plaintiff, in his memorandum of law, asserts that his counsel first learned of the liability limits of Tourigny’s policy on July 13, 1987. While the plaintiff has not presented evidence of that fact by affidavit or other materials referred to in Mass.R.Civ.P. 56(c), as the nonmoving party he does not bear the burden of proof on this issue.

 Neither party has submitted a copy of the policy as a supporting document under Mass.R.Civ.P. 56(c).

 Even though the policy is not part of the record in this matter (see footnote 4, above), the “notification" provision appears on page 24 of the Massachusetts Automobile Insurance Policy, 3rd Edition (effective 1983-1987), under the heading "When There Is An Accident Or Loss." In pertinent part, that section reads:
First, Help An Injured Person . . .
Second, Notify The Police Or Registry . . .
Third, File The Claim With Us. We don’t know about accidents or losses until you or someone else notifies us. We, or your agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as may details as possible, including names and addresses of drivers, injured persons and witnesses.
If you are filing a claim for damage to your auto, you or someone on your behalf must file a proof of loss within 91 days after the accident
We may also require you to submit to an examination under oath.

 The plaintiffs supporting memorandum also indicates that the plaintiff settled his claim against Tourigny for the full policy limits of fifty thousand dollars ($50,000.00) in February 1991. His unverified complaint indicates he received permission from Travelers to settle with Tourigny in December 1991. Those facts would lend further support to Travelers having notice of the plaintiff's accident and losses and of Tourigny’s policy limits; however, the plaintiff did not set forth those facts by affidavit or other materials referred to in Mass.R.Civ.P. 56(c).