Grasso, J.
This is an action commenced by Metropolitan Property & Liability Insurance Company (Metropolitan) under G.L.c. 251 seeking appointment of an arbitrator and stay of arbitration proceedings with the American Arbitration Association. Such proceedings were invoked by the respondent, Guilda Tardiff (Tar-diff), under the uninsured motorist portion of her Metropolitan insurance policy. Metropolitan now moves for summary judgment pursuant to Mass.R.Civ.P. 56(c).
As a preliminaiy matter, this court must decide whether the summary judgment sought by Metropolitan is appropriately raised in the context of a G.L.c. 251 complaint. In essence, Metropolitan asks this court for a Declaratory Judgment declaring that it is not required to arbitrate the uninsured motorist claim because no coverage exists under the relevant policy. Metropolitan contends that there is no coverage because of Tardiffs failure to comply with the notice provisions of her policy. Tardiffs opposition does not challenge the appropriateness of this motion. The case has been argued on the merits.
The pleadings, affidavits, and exhibits filed by each side in conjunction with the summary judgment motion establish the existence of a genuine controversy that is ripe for judicial determination. While not set forth in the pleadings, the basis of Metropolitan’s contesting of coverage is fully addressed in Tardiffs opposition. Accordingly, the court is inclined to treat the action as one seeking declaratory relief on the issue of the timeliness of Tardiffs notice to Metropolitan.
BACKGROUND
On March 11, 1991, Tardiff allegedly suffered injuries in a hit-and-run motor vehicle accident. Tardiff was a passenger in a motor vehicle operated by Laudi Elkareh and insured by the CNA Insurance Company (CNA). As a result of the accident, Tardiff was treated as an outpatient for injuries to her head. On March 25, 1991, CNA, the insurer covering the operator’s vehicle, sent Tardiff an application for PIP Benefits. Tardiff gave a statement to CNA on April 29, 1991. On May 3, 1991, CNA notified Tardiff that it would not cover her claim because Metropolitan’s policy was primary.
On May 3, 1991, some 53 days after the accident, Tardiffs attorney sent Metropolitan written notice of the accident. Tardiff asserts, in an affidavit submitted in opposition to the summary judgment motion, that on or before March 27, 1991 (16 days after the accident), she telephoned Metropolitan at a toll-free number in Utica, New York, and “requested a copy of the complete policy . . . because she could not find her policy.” Her “best recollection” is that she “mentioned to the Metropolitan agent during that telephone conversation that [she] had been involved in an automobile accident on March 11, 1991.”
Tardiff claimed coverage under the uninsured motorist provision of her Metropolitan policy. The policy in effect at the time of the accident required notice to both the police and Metropolitan “(wjithin 24 hours ... if [the insured has] been involved in a hit-and-run accident.” Separately, the policy provided that the “insurer must be notified promptly of the accident or loss by [the insured] or someone on [the insured’s] behalf.”
DISCUSSION
Summaiy judgment shall be granted where there are no genuine issues as to any material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correc *278 tion, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time Inc., 404 Mass. 14, 17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat a motion for summary judgment.” Pederson v. Time, Inc., 404 Mass. at 17. The opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In this case Metropolitan contends that Tardiffs claim under the policy is not timely. Metropolitan first asserts Tardiff failed to give notice of the hit-and-run accident within the required 24 hours. Additionally, Metropolitan contends that even if the 24-hour notice provision should be declared inapplicable, Tardiffs notice was not “prompt.”
A. The 24-Hour Notice Requirement
The contractual language referring to the 24-hour notice requirement is less than clear. The marginal notation speaks of notifying “the Police, Registry or Fire Department,” not the insurer. Moreover, the 24-hour language speaks of notifying the police and insurer if “your auto is stolen or if you have been involved in a hit-and-run accident.” The plain language of this policy provision suggests that the hit- and-run accident referred to applies to such an accident involving the insured’s automobile, not to one in which the insured was merely a passenger in someone else’s automobile. The policy provision in question does not, upon these facts, give the policy holder fair notice that she must notify the carrier within 24 hours of a hit/run accident when she is a passenger in someone else’s vehicle.
Tardiff also claims that her injuries prevented her from notifying Metropolitan within 24 hours. Tardiff was treated and released on March 11, 1991, the date of the accident. Her injuries were not so disabling as to excuse her from the 24-hour notice provision. Any assertion of post-accident inability to notify would have dissipated before the expiration of the 24-hour period. However, the court’s decision does not rest upon Tardiffs failure to give notice within 24 hours.
B. The “Prompt Notice” Requirement
Even if the 24-hour requirement does not bar Tar-diff from recovery, the “prompt” notice requirement of the policy does. Notice occurring 30 or more days after an accident is not, as a matter of law, prompt. Royal-Globe Insurance Company v. Craven, 411 Mass. 629, 633 (1992). Tardiffs May 3, 1991, written notice occurred 53 days after the accident. It was, therefore, not prompt as a matter of law.
Assuming, as this court must for the purposes of summary judgment, that Tardiffs March 27, 1991 telephone call to Metropolitan transpired as she claims, this court must decide whether her oral communication constitutes prompt and adequate notice. In Royal-Globe Insurance Co. v. Craven, supra at 634, the Supreme Judicial Court defined “prompt” as “performed readily or immediately; given -without delay or hesitation.” Webster’s Third International Dictionary (unabridged) (EncyclopediaBritannica ed., 1981), vol. II, at 1816. Allowing sixteen days to pass before making any attempt to notify Metropolitan may well be deemed not immediate or without delay. While sixteen days is a noticeably shorter period than that endorsed by Craven, in footnote 7 of the Craven decision the Court notes that in construing an analogous notice provision, a judge’s determination that notice given twenty days after an accident was not “as soon as practical” was warranted, if not required, as matter of law. Phillips v. Stone, 297 Mass. 341, 342 (1937).
More importantly, Tardiffs telephone call of March 27 lacked the necessary specificity required to constitute prompt notice. Under the policy, the insured is required to “include as many details as possible, including names and addresses of drivers, injured persons and witnesses.” It is undisputed that at the very most, all Tardiff related to the individual with whom she spoke was the mere fact that she had been involved in a March 11, 1991 car accident. No other details were provided. This notice was inadequate as a matter of law.
Metropolitan is not required to show prejudice as a result of untimely notice. General Laws, chapter 175, §112 does not apply in the present case because it deals with “[t]he liability of any company under a motor vehicle liability policy ... or any other policy insuring against liability for loss or damage . . .” (emphasis added). Uninsured motorist coverage is not liability insurance and therefore falls outside G.L.c. 175, §11. In Craven, the Supreme Judicial Court made no intimation that the statute was applicable to non-liability insurance policies. If it were applicable, certainly the court would have discussed it in that case.
ORDER FOR JUDGMENT
For the reasons stated above, plaintiff s motion for summary judgment is ALLOWED. Judgment shall *279 issue DECLARING that the notice of the accident or loss provided by defendant to Metropolitan Insurance Company was not timely and therefore Metropolitan is not liable for the payment of any benefits under the uninsured motorist coverage provisions of the applicable automobile insurance policy for the accident involving Guilda Tardiff.