Sosman, J.
Plaintiff, The Commerce Insurance Company (Commerce), has brought the present action seeking relief from any obligation it may have to pay uninsured motorist benefits to the defendant Ivan Smith. Commerce has denied Smith coverage and has moved for summary judgment on the ground that it did not receive “prompt” notice of the accident as required in the policy. Smith has filed a cross-motion for summary judgment on the ground that all conditions precedent to receipt of uninsured benefits, including prompt notification, have been performed.
FACTS
The parties have stipulated to the facts. On May 4, 1992, Smith was injured while riding as a passenger in a car driven by Colin Bennett. Bennett’s car collided with another car owned by Donald Hutson and operated by Calvin Harris.
Smith initially made claims against both drivers involved in the accident. On March 11, 1993, Smith was informed by Bennett’s insurance carrier, Metropolitan Property and Casualty Company (Metropolitan), that his claim was being denied on the ground that Bennett had no optional bodily injury coverage.[1] On March 12, 1993, Smith was informed by Hutson’s insurer, John Hancock Property and Casualty Insurance Company, that his claim was being denied on the ground that Bennett’s conduct was the sole cause of the accident.
On April 14, 1993, Smith made a claim to Commerce, his mother’s insurance carrier, seeking uninsured motorist benefits as a household member under her policy. On May 28, 1993, Commerce informed Smith that his notice was not prompt, and consequently benefits were denied.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to, the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
I. Smith’s Notice to Commerce Was Not Prompt
“What constitutes timely notice under the insurance policy is a matter of contract interpretation and is therefore ‘a matter of law for the court.’ ” Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 632 (1992) (citations omitted). The Commerce insurance policy expressly states that prompt notice must be given in the event of any accident or loss:
We don’t know about accidents or losses until you or someone else notifies us. We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as many details as possible, including names and addresses of driver, injured persons and witnesses.
Commerce argues that it has no obligation to pay benefits without prompt notification of the accident or loss. Commerce relies on Royal-Globe, supra, in which the Supreme Judicial Court found a four-month delay of notice of a hit-and-run accident was not prompt.[2]
The burden is on Smith to show that notice was prompt. Id. at 634. Smith asserts that the promptness of his notice should be measured from the time Smith knew or should have known that the tortfeasor was uninsured rather than from the time of the accident. In other words, Smith contends that, for purposes of uninsured or underinsured benefits, the term “accident or loss" as set forth in the policy does not refer to the collision itself but rather to the denial of coverage (or discovery of insufficient coverage) on the part of the tortfeasor’s liability carrier.
The Commerce policy defines “accident” as “an unexpected, unintended event that causes bodily injury or property damage arising out of the ownership, maintenance or use of an auto.” There is no dispute in this case that the “accident” occurred on May 4, 1992.
However, Smith contends that he did not suffer any “loss” until he discovered that the tortfeasor’s vehicle was uninsured, a discovery that was not made until March 12, 1993, some ten months after the accident.[3] He notified Commerce on April 14, 1993, slightly more than a month after his “loss” was discovered.[4]
The Commerce policy does not define the term “loss.” Even in the absence of definitions in the policy, the words of an insurance policy which “are plain and free from ambiguity . . . must be construed in their usual and ordinary sense.” Hanover Ins. Co. v. Ramsey, 405 Mass. 1101, 1101 (1989), quoting Sherman v. Employer’s Liab. Assurance Corp., 343 Mass. 354, 356 (1961). The term “loss” in the prompt notice provision of Commerce’s policy must be given a reasonable construction in light of the policy as a whole, and Smith cannot read in provisions which are not expressed or fairly implied.
The court finds Smith’s interpretation of the term “loss” to be strained and inconsistent with the context in which the term is used. The prompt notice requirement is applicable to all types of claims being made under the policy, including collision damage, towing and substitute transportation. The policy repeatedly uses the term “loss” in the context of claims for damage to the insured’s vehicle and expenses associated with the damaged vehicle. It does not use the term “loss” in the context of claims for bodily injury. In the case of *378 bodily injury resulting from what is clearly an “accident," the requirement of prompt notice following the “accident or loss” logically refers to the accident itself.
The notice provision also requires the insured to provide details of the incident — names and addresses of drivers, other victims, and witnesses. The purpose of the prompt notice is, at least in part, to afford the insurer an opportunity to investigate the incident while the evidence is still fresh. Allowing an insured to defer notice until another party’s insurance coverage is ascertained (a delay of at least a full month, see n. 3, supra) would utterly defeat the important purpose underlying the requirement that notice be “prompt.”[5]
Finally, the court notes that the notice provision makes no express reference to claims for uninsured or underinsured benefits. If the intention were to notify the insurer of such claims only if and when it became apparent that insurance coverage from the tortfeasor was nonexistent or insufficient, surely the policy would say so expressly rather than rely on a tortured construction of the word “loss.”
Accordingly, this court will apply the more straightforward meaning of the term "accident or loss” and require Smith to give notice to Commerce promptly following the May 1992 accident. Smith failed to give such prompt notice, and has therefore failed to fulfill the policy’s conditions.
II. Commerce Need Not Show Prejudice To Deny Smith’s Claim
Smith also argues that, in order to deny uninsured benefits, Commerce must show prejudice from the delay in notification. Smith relies on the final sentence of G.L.c. 175, §112, which provides:
An insurance company shall not deny insurance coverage to an insured because of failure of an insured to seasonably notify an insurance company of an occurrence, incident or claim, which may give rise to liability insured against, unless the insurance company has been prejudiced thereby.
The statute, by its terms, refers only to liability insurance, not to claims for underinsured or uninsured benefits.
Nor does anything in Royal-Globe support Smith’s argument that Commerce must show prejudice in the delayed notification. At no point did the Supreme Judicial Court suggest that the insurer in Royal Globe had to show any prejudice from the delay in notice before it could deny uninsured coverage. From the briefing in Royal-Globe, the Supreme Judicial Court was made aware of the prejudice issue.[6] Yet atno point in its decision (which reversed the lower court’s ruling in favor of the insured) did the court even suggest that the insurer had to show prejudice. Under Royal-Globe, an insured must reasonably comply with policy requirements of “prompt” or “immediate” notice of the underlying fact of the accident/injury in order to recover uninsured or underinsured benefits under the policy. That other cases involving other types of insurance (i.e., liability insurance) have required a showing of prejudice does not change the ruling in Royal-Globe. See Arbella Mutual Insurance Co. v. Crippen, Norfolk Superior Court, Civil Action No. 92-1870 (December 31, 1992) (Brady, J.).
ORDER
For the foregoing reasons, plaintiffs motion for summary judgment is ALLOWED and defendant’s cross-motion for summary judgment is DENIED. It is hereby ORDERED that judgment be entered in favor of plaintiffThe Commerce Insurance Company declaring that no uninsured or underinsured motorist coverage is available under the Commerce Policy No. MMC32761 issued to Oliviera Smith for Ivan Smith’s claim resulting from the accident of May 4, 1992.

 Metropolitan did, however, pay no-fault benefits which covered Smith’s medical expenses.

 While Smith attempts to distinguish Royal-Globe on the ground that the policy at issue contained a 24-hour notice requirement for victims of hit-and-run accidents, the court’s analysis did not rely on that provision as the basis for its holding. Indeed, since the injured insured was hospitalized in an intensive care unit for several days following the accident, the court held that she was incapable of giving notice within a day of the accident and- that she was to be excused from giving notice during the period of such disability. Rather, the court analyzed whether the insured had given “prompt” notice after her disability had ended. Royal-Globe also cited with approval dicta from earlier cases indicating that a few months (or even a few weeks) delay in notification to the insurer did not meet the standard of “reasonably prompt” or “as soon as practicable.” 411 Mass. at 634 n.7. The holding of Royal-Globe is not limited to hit-and-run accidents or to policies containing a 24-hour notice provision.

 Commerce correctly points out that Smith could have ascertained the existence and/or extent of the tortfeasor’s coverage at a much earlier date. Pursuant to G.L.c. 175, §112C, Smith could have determined the amount of Bennett’s motorist coverage by written request to Metropolitan, to which Metropolitan was required to respond within 30 days. Even if this court were to accept Smith’s argument that notice does not need to be given until the extent of the tortfeasor’s coverage is uncovered, this court would simultaneously impose a requirement that the claimant immediately take the steps necessary to ascertain the extent of such coverage. Smith did not take such steps, but rather passively waited for ten months to learn of the extent of Bennett’s coverage.

 A delay of over a month may itself fail to satisfy the requirement of “prompt” notice. See Royal-Globe, supra, 411 Mass. at 633-34 & n. 7.

 Protracted delay, such as that at issue in the present case, also completely deprives the insurer of any opportunity to monitor or investigate the injuries and damages as they are being incurred and while important phases of treatment are still ongoing.

 And, considering that there were only a few months delay at issue in that case, it is far from certain that the insurer in Royal-Globe would have been able to show actual prejudice.