Toomey, J.
This action was filed by plaintiff Kelly L. Martin (“Martin”) pursuant to G.L.c. 251, the Uniform Arbitration Act. The plaintiff seeks to recover uninsured motorist benefits in connection with an accident which occurred on July 4,1991. Defendant Commerce Insurance Company (“Commerce”) has filed a counterclaim for declaratory judgment, alleging that Martin breached her contract by failing to give Commerce timely notice. The parties have filed cross-motions for summary judgment pursuant to Mass.R.Civ.P. 56(c). For the reasons outlined below, both parties’ motions are DENIED.
BACKGROUND
The undisputed facts are as follows:
On July 4, 1991, Martin was involved in an automobile accident while driving on Grafton Street in Worcester. As a result of the accident, Martin suffered injuries, including a fractured jaw.
Martin was insured with Commerce through her local agent, Tully Insurance Agency (“Tully”). Martin’s insurance policy contained the following provisions:
Within 24 hours, notify both the police and us if your auto is stolen or you have been involved in a hit and run accident.
We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf.
On July 11, 1991, at the latest, Martin’s fáther notified Tully that his daughter had been injured in an accident involving a “phantom vehicle.” On July 22, 1991, Martin’s attorney notified Commerce of an uninsured claim.
This short summary encompasses the sum total of the undisputed facts. The disputed facts are as follows:
Martin claims that the accident occurred when a second vehicle, traveling in the opposite direction, swerved into her lane, forcing her off the road and into a utility pole. According to Martin, the other vehicle left the scene without stopping. Commerce contends that there was no other vehicle and that the accident was the result of Martin’s intoxication. According to Commerce, Martin had a blood alcohol content of .252 — more than twice the legal limit — when she was brought to the hospital.
Martin next claims that she was rendered unconscious when she struck the utility pole. Commerce disputes this claim.
Martin also claims that her injuries were of such a nature that it was difficult, if not impossible, for her effectively to communicate with others. Martin argues that this disability prevented her from earlier notifying Commerce of the accident. Again, Commerce disputes this characterization and points to the fact that it was Martin’s father, not Martin, who eventually notified Commerce of the accident.
*40 Finally, numerous factual questions exist concerning the feasibility of reporting the accident earlier. The accident, as mentioned above, occurred on July 4. The court notes that, in 1991, July 4 fell on a Thursday.. There is little within the submissions which would allow the court to decide, as a matter of law, if Commerce or Tully were open for business during the July 4 weekend. Moreover, there is little contained within the parties’ submissions which would even allow the court to determine, with any specificity, when Martin notified Tully of her injury. The affidavit from Ernest Pantos, owner of the Tully Insurance Agency, does nothing to answer this question. According to Pantos’s affidavit, Martin’s father “may have” called Tully Insurance Agency on the first business day following the accident. The wording of the affidavit begs the observation that, while Martin’s father “may have” notified Tully on the next business day, he also may not have so notified Tully.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
Martin cites Royal Globe Ins. Co. v. Craven, 411 Mass. 629 (1992), for the proposition that “what constitutes timely notice under the insurance policy is a matter of contract interpretation and is therefore ‘a matter of law for the court.’ ” Id. at 632 (citations omitted). However, as Commerce has correctly noted, the Royal Globe holding turned on the circumstance that its facts were undisputed. Id. As the summary of facts illustrates, the facts in this particular case are far from “undisputed” and do not lend themselves to a ruling of law within the Royal Globe precedent. Summary judgment for either party is, therefore, inappropriate.
ORDER
For the reasons outlined above, the cross-motions for summary judgment are DENIED.