McHugh, J.
Defendant’s Motion is DENIED.
Words in an insurance policy do not invariably mean the same thing in all contexts. Cf., e.g., Vaiarella v. Hanover Ins. Co., 409 Mass. 523, 526-27 (1991). With all due deference to my colleagues who have decided otherwise, and taking into account the Supreme Judicial Court’s construction of the word, Royal Globe Insurance Co. v. Craven, 411 Mass. 629, 634 (1992), “prompt” is an inherently relative term. In the last analysis, contractual language must be construed in light of the objectives the language was designed to achieve. See Restatement (Second) of Contracts §202(1).
The moment a “hit-and-run” accident occurs, the claimant knows of her need to resort to the uninsured provisions of the policy. The fact that there is no identifiable tortfeasor instantly provides the claimant with that information. Moreover, the insurer, who must step into the shoes of the absent tortfeasor, see G.L.c. 175, §113L, faces the difficult task of assembling a defense, or at least conducting an investigation, without the aid and assistance of the alleged tortfeasor, the very person who, under normal circumstances, would have the greatest interest in providing a view of what happened different from that of the claimant. Under those circumstances, it is reasonable to construe the term “prompt” as requiring virtually instant notice.
*591 When underinsured benefits are at issue, however, the environment and considerations are slightly different. The claimant does not know at the moment of impact all that she needs to know in order to proceed. In fact, she does not know all she needs to know until she knows the extent of the liability coverage available to others. In addition, when underinsured coverage is at stake, an identifiable tortfeasor is in sight and the tortfeasor’s insurer presumptively has the skill, resources and interest to investigate the claimant’s claim thoroughly, completely and under the goad of a self-interest that points in the same direction as the interest of the underinsurance provider. Under those circumstances, the term “prompt,” while not permitting notice at leisure, embraces a temporally broader range of actions.
Here, the plaintiff was seriously injured by the impact but the full extent of his injuries was not immediately known. Nevertheless, at a time when plaintiff was still undergoing tests to determine the extent of those inj uries and slightly more than a month after the accident, plaintiffs counsel asked the alleged tortfeasor’s insurer for coverage information. The insurer replied in about one month later. Three weeks after that, and less than three months following the accident, plaintiff notified defendant of the underin-sured claim. Under all of those circumstances, I am persuaded that plaintiffs notice was “prompt” within the meaning of the applicable policy.