Carhart, J.
BACKGROUND
The defendant, Commerce Insurance Company, has moved for summary judgment on the plaintiffs claim seeking the appointment of an arbitrator to determine uninsured motorist benefits pursuant to M.G.L.c. 251. The defendant alleges that the non-compliance of the plaintiff with the requirement that the defendant be promptly notified of a claim of this sort warrants the entry of summary judgment. For the following reasons, the defendant’s Motion for Summary Judgment will be allowed.
FACTS
On June 27, 1988 the plaintiff was injured in a motor vehicle accident. The operator of the vehicle which struck the plaintiffs vehicle was a Stephen Macarelli (Macarelli). Macarelli was a non-permissive driver and therefore was not covered by an insurance policy. At the time of the accident the plaintiff was covered for injuries sustained by an uninsured motorist under a policy issued by the defendant. After the accident the plaintiff notified USF&G, the insurance carrier for Macarelli, of the accident and a claim was filed on behalf of the plaintiff. On November 14, 1991, USF&G notified the plaintiffs counsel that there was coverage and that the claim would be defended. On January 27, 1994 USF&G denied coverage of plaintiffs claim since Macarelli was a non-permissive driver. On April 25, 1994 the plaintiff filed the subject complaint for arbitration.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and (further) that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
The policy which is the subject of the contract of insurance between the plaintiff and defendant provided, among other terms, “We, or our agent, must be notified promptly of the accident or loss by you or someone in your behalf.” The issue in this case therefore is whether or not there was prompt notice given to the defendant by the plaintiff.
The defendant argues that since the accident occurred on June 27, 1988 and the defendant was not notified until this action was filed on April 25, 1994, nearly six years have elapsed between the time of the accident and the notice required by the policy. That argument fails to consider the plaintiffs actions in seeking coverage by USF&G. It was not until January 27, 1994 that the plaintiffs counsel was advised that USF&G was not covering the claim. Therefore, the inquiry as to whether or not there was a prompt notice should more properly focus on the time between when the plaintiff was advised that there was no coverage by USF&G and the time in which the plaintiff notified the defendant of the loss. Accordingly, the question is whether the passage of close to ninety (90) days between January 27, 1994 and April 25, 1994 constitutes failure of the plaintiff to promptly notify the defendant of the loss.
The analysis of whether or not the plaintiffs actions were prompt will of course vary from case to case. The Supreme Judicial Court has considered the circumstances in which a failure to act will result in an insurance company being relieved of its duty to extend coverage. Royal Globe Insurance Co. v. Craven, 411 Mass. 629 (1992). Using the analysis of Craven, I find that the passage of eighty-seven (87) days between the time in which the plaintiff realized that USF&G would not cover the claim and the time in which the plaintiff notified the defendant of his claim by filing this action does not constitute a prompt notice to the defendant of the claim. Since the plaintiff failed to comply with the terms of the policy the defendant’s Motion for Summary Judgment should be, and hereby is, allowed.
The defendant has filed by way of counterclaim a request for declaratory judgment. The plaintiff has filed a motion to dismiss the defendant’s counterclaim for declaratory judgment. Since I have ruled that the Motion for Summary Judgment should be allowed the defendant’s counterclaim and the plaintiffs opposition thereto are moot.
So Ordered.