Curran, Dennis J., J.
Introduction
This case arises out of the defendant Tribe’s adoption of a dog in 2004. The plaintiff Selig has asserted counts for rescission (count I), and equitable and statutory replevin (counts II and III). The matter is before me on the defendant Tribe’s motion for summary judgment, which, after reviewing the moving and opposition papers and a hearing, must be ALLOWED.
FACTS
Viewing the facts in the light most favorable to the non-moving party, we see the following.
In 2004, the plaintiff Michael Selig and his wife came into possession of a brown dog that had been abandoned in North Carolina. They brought the dog to Massachusetts to find it a permanent home. They placed an advertisement on the “Petfinder” website on the internet and received several inquiries, one of which was from the defendant Tribe and her then-husband. Selig and his wife interviewed the Tribes at their Cambridge home. Selig acknowledges that the Tribe home “was in excellent condition, was safe and clean, and that [Mr. and Mrs. Tribe] appeared to be living in a harmonious stable marriage that had lasted for decades.” Selig explained the conditions under which they would permit the Tribes to adopt the dog: a stable home, be provided with adequate and nutritious food, be given regular veterinary care and be properly and adequately supervised and confined. (See first amended complaint, paragraph 10.) The Tribes agreed to adopt the uog. At some time before April 6, 2004, Selig and his wife (Michele Graham) gave the dog to the Tribes who promptly renamed it “Chloe.” That same day, Carolyn Tribe applied for and received a dog license for Chloe; she has provided regular veterinary care for Chloe since June 2004.
In several months after they gave the dog to Tribe, Selig’s wife occasionally visited the Tribes at their home to satisfy herself, and indeed did satisfy herself, that the adoption conditions were being met. (See Affidavit of Michele Graham, paragraph 7.) Those visits eventually ended.
*95 Some five years after the adoption, however, in the fall of 2009, Selig’s wife decided to visit the Tribe home[1] anew. She believed that “Chloe” was not being properly cared for. (See Exhibits “E”, “I”, “J” and “K”.) About ayear later, during another visit (this time in November 2010), she became confrontational with Carolyn Tribe; the Cambridge police were called to the scene. As a result, the Cambridge police applied for a criminal complaint against Selig’s wife under G.L.c. 265, section 13K, charging her with assault and battery upon an elderly person (Tribe). (See Exhibit “F”.) At a Clerk’s hearing, Carolyn Tribe ultimately agreed not to press charges on the express condition that Selig’s wife not appear at her premises and leave her and “Chloe” alone. Selig’s wife signed an agreement memorializing these “stay away” and “no contact” provisions, whereupon the matter was dismissed. (See Exhibit “G”.)
PROCEDURAL HISTORY
Michael Selig, the husband, filed this complaint on April 6,2011, seeking, inter alia, a preliminary injunction that Tribe give the then 12-year-old adopted dog to him. Tribe opposed that effort. After hearing, that motion was denied, with the Court finding that “[there is] insufficient likelihood of success on the merits of the claim asserted and [ ] that the motion does not seek the preserve the status quo [,) but rather [ ]the final relief requested.”
Tribe filed a motion to dismiss and supporting memorandum.
Before a hearing could be held on the defendant’s motion, however, the plaintiff Selig shifted tack. In his original complaint, he had admitted that for several months after the Tribes had the dog, he had visited the Tribe home and concluded that the Tribes had complied with all adoption conditions. (See complaint, paragraph 12.) However, after the defendant’s motion to dismiss was filed, the plaintiff suddenly changed his allegations to delete this admission of satisfaction, and instead now complained that Tribe had “no intention of meeting or carrying out any of the conditions that [Selig’s wife] and Selig [had] set forth for adopting the dog [and] had misrepresented her agreement [to the conditions for adoption].” (See first amended complaint, paragraph 12.) Selig now claimed that Tribe’s misrepresentations “. . . [had been] knowingly and intentionally false, deceptive and fraudulent, and were made with the intention of misrepresenting her true intention of not meeting the [adoption] conditions.” (Id. at paragraph 13.) With the plaintiffs now-amended complaint, Tribe’s motion to dismiss was denied.
The defendant Tribe brought a second motion to dismiss, which was also denied.
Discovery has now essentially concluded[2] and the defendant Tribe now moves for summary judgment.
DISCUSSION
Both the rescission and replevin claims must be dismissed principally, but not exclusively, on statute of limitations grounds.
The rescission claim comes too late in the day. We look to the essential nature of the claim,[3] based here on material misrepresentations, the applicable limitations period for which is three years. G.L.c. 260, section 2A. Here, Selig alleges that the Tribes made material misrepresentations at the time the dog was adopted in April 2004, thereby starting the limitations clock, which expired in about April 2007.[4]
Selig waited until April 6, 2011 to file this complaint; this is four years after the limitations deadline.
Selig argues, unconvincingly, that the “discovery rule” tolls the limitations period. But this doctrine is of no avail to one who has failed to exercise reasonable diligence. See Cook v. Avien, Inc., 573 F.2d 685 (1st Cir. 1978). Selig admits that neither he nor his wife made any effort for almost five years (i.e., from 2004 until 2009) to determine whether Tribe continued to comply with the purported conditions of adoption. This is not reasonable diligence.
But the analysis does not end there.
Selig also fails to maintain an essential element of his misrepresentation claim. He alleges that the misrepresentations (about the future care of the dog) occurred when the original agreement was made to induce him to let the Tribes adopt the dog. However, misrepresentations must be susceptible of actual knowledge at the time made (see Lolos v. Berlin, 338 Mass. 10, 14 (1958)), and exist at the time the parties entered into the agreement; they cannot involve future promises. Promissory statements are not the stuff of which a misrepresentation claim may be made. See also P.L.A.Y. Inc. v. NIKE, Inc., 1 F.Sup.2d 60, 65 (D.Mass. 1998), and De Angelis v. Palladino, 318 Mass. 251 (1945).
Similarly, the replevin claims (both equitable and statutory) must fall to the side because such actions are also subject to a three-year limitations period under G.L.c. 260, section 2A, the filing deadline for which was April 2007, four years before Selig chose to file his complaint.
Moreover, Selig cannot prevail in maintaining an essential element of his replevin claims: that Tribe wrongfully took the property (i.e., “Chloe"). See Evergreen Marine Corporation v. Six Consignments of Frozen Scallops, 806 F.Sup. 291, 295 (D.Mass. 1992). By all accounts, this was an adoption of a now 14-wear-old dog (arguably 98 years old in human terms). [5], [6], [7]
ORDER
For the foregoing reasons, the defendant Tribe’s motion for summary judgment against the plaintiff Michael Selig is ALLOWED.
Judgment shall enter forthwith for the defendant Tribe, with prejudice.

 At that point, the Tribes had become divorced and Carolyn Tribe had the dog.

 One deposition remains which will not likely change the material facts in dispute.

 See Royal-Globe Insurance Company v. Craven, 411 Mass. 629, 636 (1992).

 In his amended complaint, the plaintiff Selig alleges that the Tribes took possession in August 2004, but no record evidence exists to support this assertion, especially in light of Chloe’s dog license application filled out by Carolyn Tribe and dated “4-4-04" and veterinary records for Chloe evidencing a weekend house call for $250 paid for by Mrs. Tribe on June 30, 2004. Even assuming the plaintiffs bald assertion of an August 2004 adoption date for purposes of this motion, the matter is of no consequence to the result required here.

 See Exhibit D, Porter Square Veterinarian record dated March 17, 2012.

 Dog years depend on the size and breed; the standard, but often misused, calculus is that each dogyear equals seven human years; but the formula is actually more complicated. At a minimum, each of the first two years of a dog’s life equals 10.5 human years, and each year thereafter counts for four human years. Using this conservative measure, “Chloe” is at least 69 human years old; at the very least, “Chloe” is a senior dog. See Dog Owner’s Home Veterinary Handbook. James M. Griffin M.D., and Lisa D. Carlson, D.V.M.

 The defendant’s argument (see page 10 of its memorandum) that Selig’s wife waived all rights to the dog at the Clerk’s hearing on the application for an assault and battery upon an elderly person complaint evidences a waiver of her rights, while true, does not apply to Michael Selig, her husband and plaintiff.