TRUDY ANN GOODMAN *vs.* AMERICAN CASUALTY
COMPANY.

Middlesex. October 3, 1994. - December 13, 1994.

Present: LIACOS, C.J., WILKINS, LYNCH, & GREANEY, JJ.

*Insurance,* Motor vehicle insurance, Underinsured motorist, Notice. *Notice,* Timeliness.

A household member, injured in a motor vehicle accident, who was enti-·
   tled to underinsured motorist coverage under her own Massachusetts
   automobile policy was not, in addition or in the alternative, entitled to
   recover underinsured motorist benefits under a policy issued to another
   household member. [140-141]
This court concluded that an insurance company providing uninsured and
   underinsured motorist coverages must prove that it was prejudiced by
   any delay in an insured's notification of a claim under the policy before
   it may deny coverage. [141-143]

CIVIL ACTION commenced in the Superior Court Department on September 17, 1992.

The case was heard by *Charles T. Spurlock,* J., on motions for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*Frank C. Corso* for the plaintiff.

*Alice Olsen Mann* (*Karyn T. Hicks* with her) for the defendant.

WILKINS, J. This is the second of three cases decided today in which a household member, having his or her own Massachusetts automobile insurance policy, seeks to recover under the higher underinsurance motorist coverage provided in a spouse's or parent's automobile insurance policy. See *Depina* v. *Safety Ins. Co.,* ante 135 (1994); *Smart* v. *Safety Ins. Co.,* post 144 (1994). We conclude, as we did in the *Depina* case,

that a household member who has a Massachusetts automobile policy of her own providing underinsured motorist coverage may not recover underinsured motorist benefits under a policy issued to another household member.

On January 23, 1992, the plaintiff was injured when she was struck by an allegedly negligently operated motor vehicle, while she was walking on a public way in Cambridge. The tortfeasor's insurer paid the plaintiff $15,000, the limits of the tortfeasor's coverage, but an amount less than the plaintiff's damages. The plaintiff owned her own vehicle and thus was the named insured on a Massachusetts automobile insurance policy, issued by the Hanover Insurance Company, providing underinsured motorist coverage in the amount of $25,000 for each person. Her rights under that policy are not directly involved here. The plaintiff's husband also owned a motor vehicle, insured by the defendant (American) under a policy, issued to him effective January 14, 1992, providing underinsured motorist coverage of $100,000 for each person.

The plaintiff commenced this action seeking a declaration that American is liable to her as a household member for underinsured motorist coverage under her husband's policy. American denied that it was liable under that policy and additionally asserted a counterclaim seeking a declaration of the rights of the parties and a declaration that no coverage applies for the underinsured motorist claim because the plaintiff failed promptly to notify American of the accident. We granted American's application for direct appellate review of the plaintiff's appeal from a summary judgment entered in favor of American.

A judge of the Superior Court determined that, because the plaintiff had failed to provide American with prompt notice of her claim, she was not entitled to recover and that, in any event, the plaintiff who had her own Massachusetts automobile insurance policy was not entitled to recover under her husband's policy. We need not reach the issue whether the plaintiff is barred from coverage because of an untimely late notice to American because we conclude that the judge was correct in deciding that the plaintiff did not have underin-

sured motorist coverage available under her husband's policy. We shall discuss the question, however, whether a late-notified underinsured motorist insurer may deny coverage if it was not prejudiced by the delay.

1. The significant language in the American policy concerning underinsured motorist coverage provides that "[w]e will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own or who is covered by a Massachusetts auto policy of another household member providing similar coverage with higher limits." Because this language in the standard Massachusetts automobile policy is controlled by the Commissioner of Insurance, and not any insurer, we do not construe any ambiguity against the insurer. See *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629, 633 n.6 (1992); *Moore* v. *Metropolitan Property & Liab. Ins. Co.*, 401 Mass. 1010, 1011 (1988).

The plaintiff argues that, if a household member has her own Massachusetts automobile policy, she is not excluded from underinsured motorist coverage under a policy issued to another household member unless the underinsured motorist coverage of her policy is as high as or higher than the limits for such coverage under the other policy. She asserts that the concluding phrase quoted above, "providing similar coverage with higher limits," modifies the reference to a household member's own automobile policy in addition to the reference to any policy of another household member. We are not persuaded.

The plaintiff's argument is inconsistent with controlling legislation. The 1988 amendment to G. L. c. 175, § 113L (5), made by St. 1988, c. 273, § 47, states a public policy against the "stacking" of uninsured and underinsured motorist coverage ("[I]n no event shall the limit of liability for two or more vehicles or two or more policies be added together combined or stacked to determine the limits of insurance coverage available to injured persons"). See *Plymouth Rock Assurance Corp.* v. *McAlpine*, 32 Mass. App. Ct. 755, 757-758 (1992). The plaintiff had a Massachusetts automobile insurance policy issued to her as an owner that provided her

with underinsured motorist coverage. She is explicitly entitled to that coverage under her policy. It would be contrary to the purpose of the 1988 legislation to say that the plaintiff could recover under both policies or to say that the language on which the plaintiff relies should be read to make her husband's insurer alone liable, thus exonerating her own insurer whose standard form policy explicitly and unconditionally states its liability to the plaintiff in these circumstances. That explicit and unconditional statement of the plaintiff's rights under the standard form of policy issued to her would make no sense if it were intended that higher underinsured motorist coverage of a household member under another standard form of policy were to be the only such coverage available to her.

2. As we have stated, because there was no underinsured motorist coverage available to the plaintiff under her husband's policy, we need not deal with American's late notice argument. However, each party asks us to decide whether a late-notified insurer may deny underinsured motorist coverage only when it proves that it was prejudiced by the delay. We are told that the issue is presented in other pending cases. It will no doubt arise in future cases. We, therefore, decide the question, concluding that such an insurer must prove that it was prejudiced by an insured's delay in notifying it.

Under G. L. c. 175, § 112 (1992 ed.), an insurance company providing motor vehicle insurance against liability to another may not deny coverage because of the insured's failure to notify the company seasonably of an occurrence that might give rise to liability "unless the insurance company has been prejudiced [by the unseasonable notice]." In *Johnson Controls, Inc. v. Bowes,* 381 Mass. 278, 282-283 (1980), this court applied the same rule prospectively to any liability insurance policy not covered by G. L. c. 175, § 112, so that an insurance company would have to prove that a breach of the policy's notice provision prejudiced its position.

Uninsured and underinsured motorist coverages do not provide an insured protection against liability to some third

person. These coverages, therefore, are not liability coverages. Uninsured and underinsured motorist claims are made to one's own insurer if the claimant or a household member has a Massachusetts automobile policy. The provisions of G. L. c. 175, § 112, and the extension of that rule in the *Johnson Controls* opinion, therefore, do not explicitly apply to uninsured motorist coverage. We are aware of no distinction, however, between liability coverage and uninsured or underinsured motorist coverage that would call for the application of a different rule concerning the question whether the insurer must prove that late notice to it was prejudicial.

There is a tendency in this country to require proof of prejudice in uninsured and underinsured motorist coverage cases even when such proof is not required in liability cases. See *State Auto. Mut. Ins. Co.* v. *Youler*, 183 W. Va. 556, 562 (1990); 8 J. Appleman & J. Appleman, Insurance Law and Practice § 5083.35 (1981); A. Widiss, Uninsured and Underinsured Motorist Insurance § 16.2, at 17 (2d ed. 1992) (stating that courts "almost uniformly view the question of prejudice as relevant to determine whether coverage is lost by the delay"). In the instance of underinsured motorist coverage, a late notified insurer may well not be prejudiced because, by definition, there is another insurer involved whose investigation of the occurrence could fulfil the investigative needs of the underinsured motorist insurer. The interests of each insurer usually would be similar with respect to the question of liability for, and damages resulting from, the occurrence.

A requirement that an insurer must prove that it was prejudiced by any delay in giving notice of an underinsured motorist claim is a logical extension of well-established principles. We see no likelihood of an insurer's justifiable prejudicial reliance on a contrary rule of law. Therefore, there is no need to make the principle that we announce effective only prospectively. Our opinion in *Royal-Globe Ins. Co.* v. *Craven*, 411 Mass. 629 (1992), which concerned a claim arising from one accident that occurred prior to the date of our prospective ruling in the *Johnson Controls* case and where the

question of prejudice was not raised by the claimant, does not stand for any principle contrary to our conclusion here.

3. The judgment that was entered did not declare the rights of the parties, as it should have. The judgment, therefore, is vacated, and a new judgment shall be entered declaring that the Massachusetts automobile insurance policy issued by American Casualty Company, provides no underinsurance coverage to the plaintiff with respect to the accident that occurred on January 23, 1992.

*So ordered.*