Whitehead, J.
In this action, the Court is asked to wade through the turbulent but not unfamiliar waters of insurer notification provisions. Plaintiff Safety Insurance Company (“Safety”) seeks a declaratoiy judgment that it is not obligated to provide its insured, defendant Jose Reyes (“Reyes”), with uninsured motorist benefits because Reyes failed to comply with the policy’s “24-hour” and “prompt” notice provisions. Safety now moves for summary judgment pursuant to Mass. R. Civ. P. 56(c).
BACKGROUND
The facts are not in dispute. On December 25,1992, Reyes was a passenger in a vehicle owned by Audile Ramos and operated by Rosaida Ramos. While proceeding on North Beacon Street in Brighton, the Ramos vehicle was struck in the rear by another vehicle which subsequently fled the scene. Reyes was injured in the collision, but was not hospitalized or restricted to his home.
Reyes reported that the registration plate of the other vehicle was Massachusetts 458TYS. On March 22, 1993, counsel for Reyes conducted a review of the records of the Massachusetts Registry of Motor Vehicles, and learned that no license plate with the number 458TYS was registered in Massachusetts at the time of the collision.
At the time of the accident, Reyes was insured under Safety Insurance Automobile Policy No. 923603 (“the Policy”), which provided uninsured motorist coverage limits of $15,000 per person and $30,000 per accident. The Policy contained two post-accident or loss notification provisions. The first provision provided in relevant part: “Within 24 hours, notify both the police and us if you have been involved in a hit and run accident. . .” (Emphasis added.) The second provision provided:
We don’t know about accidents or losses until you or someone else notifies us. We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. The notification should include as many details as possible, including the names and addresses of drivers, injured persons and witnesses . . . (Emphasis added.)
After the collision, Reyes corresponded and pursued his claims not through Safety, but -with the insurer of the Ramos vehicle, CNA Insurance (“CNA”). CNA investigated the incident. On October 1, 1993, *319 CNA informed Reyes for the first time that it was denying his claim on the ground that it was not the proper insurer. Counsel for Reyes first notified Safety of the accident by letter dated October 1, 1993.
On January 18, 1994, Reyes filed a Demand for Arbitration with the American Arbitration Association, relative to his claim against Safety. By letter dated January 20, 1994, Safety denied Reyes’ claim as untimely. Safety filed suit on February 24, 1994, seeking a declaration that it is not obligated to provide Reyes with uninsured motorist benefits due to late notice.
DISCUSSION
I. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass. R. Civ. P. 56(c). The moving party -bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial, may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Cornmunications Corp., 410 Mass. 805, 809 (1991). Accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra at 17. “(T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
II. The Notice Provisions
The first issue that confronts this Court is whether Reyes complied with the Policy’s “24-hour” and “prompt" notice provisions, or was excused therefrom. “What constitutes timely notice under the insurance policy is a matter of contract interpretation and is therefore ‘a matter of law for the court.’ ” Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 632 (1992). (Citations omitted.) This issue presents little difficulty; as a matter of law, Reyes’ notice was inexcusably late with respect to both provisions.
It is undisputed that Reyes did not provide notice of the collision to Safety •within 24 hours. He alleges, however, that he should be excused from the “24-hour” notice requirement because the symptoms of his injuries did not develop until two days after the collision. See Royal Globe Ins. Co. v. Craven, 411 Mass. 629, 632-33 (1992). This court disagrees. Unlike the injured insured in Craven, Reyes was not hospitalized or otherwise unable to notify Safety. There is no basis for excusing his noncompliance. In any event, any such excuse would extend the 24-hour deadline by only two days and not the period of months during which Reyes delayed his notification.
Additionally, Reyes notice was not “prompt” within the meaning of the Policy. The accident occurred on December 25, 1992. By March 22, 1993, counsel for Reyes knew that the alleged tortfeasor could not be identified. When measured from the date of the accident, Reyes’ notice was approximately nine months late, and when measured from the date when he learned that the alleged tortfeasor could not be identified, his notice was approximately six months late. Regardless of which date the Court uses as a starting point, Reyes’ notice was too late. See Craven, supra at 633 (four-month delay in giving notice too late); Depot Cafe, Inc. v. Century Ind. Co., 321 Mass. 220, 225 (1947) (forty-six days not prompt); Wainer v. Weiner, 288 Mass. 250, 252 (1934) (two months and six days not prompt).
Reyes’ reliance on Gottleib v. Safety Ins. Co., Middlesex Superior Court No. 94-0368, is misplaced. In Gottleib, the Court (McHugh, J.) ruled that despite a three-week delay in notifying his insurer, the insured’s notice was “prompt” within the meaning of the policy, entitling him to underinsured motorist benefits. In so ruling, the Court noted that in the underinsurance scenario, “(t]he claimant does not know at the moment of impact all that she needs to know in order to proceed ... In fact, she does not know all she needs to know until she knows the extent of the liability coverage available to others.” The Court found it significant that in underinsurance cases, there is an identifiable tortfeasor in the picture, whose insurer will have the skill and motivation to fully investigate the claim. The Court thus found that “(u]nder those circumstances, the term ‘prompt,’ while not permitting notice at leisure, embraces a temporally broader range of actions.”
In Gottleib, the full extent of the plaintiffs injuries was not immediately known, and the extent of the alleged tortfeasor’s insurance coverage was not known until approximately two months after the accident. The plaintiff notified his insurer three weeks after learning of the insufficiency of the alleged tortfeasor’s coverage (slightly less than three months following the accident). The Court ruled that the plaintiffs notice was prompt.
In reaching the above conclusion, the Court distinguished underinsurance scenarios from “hit and run” accidents. The Court noted that due to the lack of an identifiable tortfeasor, the “hit and run” claimant immediately knows that he must resort to the uninsured provisions of his policy. The Court found that because *320 the insurer who is required to provide uninsured motorist benefits, must do so without the assistance of the alleged tortfeasor — the person most likely to provide a view of what happened different from that of the claimant — "it is reasonable to construe the term ‘prompt’ as requiring virtually instant notice."
Reyes likens the posture of his claim to that of the underinsured claimant in Gottleib. Reyes alleges that like an underinsured claimant, he did not know the extent of coverage available to him until CNA denied his claim. Because he notified Safely on the same day of CNA’s denial, Reyes claims that his notice was prompt. This analogy is unpersuasive. As the Gottleib court aptly noted, a hit and run claimant like Reyes knew all he needed to know in order to pursue his uninsured motorist claim at the moment he became aware that there was no identifiable tortfeasor, March 22, 1993 — at the very latest. Reyes’ notice was not prompt as a matter of law.
Reyes has also alleged that he relied on representations from Rosaida Ramos that CNA would cover his injuries. Her statements were irrelevant and any reliance thereon was unreasonable as a matter of law. See G.L. c. 175, §113L(5); Arabella Mut Ins. Co. v. Hughs, 36 Mass.App. Ct. 926, 928 (1994).
III. The Issue of Prejudice
Although the Court concludes that as a matter of law Reyes did not comply with the Policy’s “24-hour” or “prompt” notice provisions, it does not automatically follow that Safety is entitled to summary judgment. There remains the issue of whether or not Safely must show that it has been prejudiced in order to deny coverage under the Policy.
The Justices of the Superior Court have considered this issue many times and have consistently harmonized', with nary a discordant note, that a late-notified insurer is not required to show prejudice in order to deny coverage under the aforementioned provisions. Indeed, this Justice has lent his voice to that chorus. See Harrington v. The Commerce Insurance Company (Middlesex Super. Ct., May 19,1994). However, on this topic, the harmony has not matched the melody, the latter recently having been put forward by the Supreme Judicial Court in Goodman v. American Casualty Co., 419 Mass. 138, 141-43 (1994).
In Goodman, the Court ruled that a late notified insurer must show prejudice in order to deny coverage on a claim for underinsurance benefits. It stated:
In the instance of underinsured motorist coverage, a late notified insurer may well not be prejudiced because, by definition, there is another insurer involved whose investigation of the occurrence could fulfil the investigative needs of the underinsured motorist insurer. The interests of each insurer usually would be similar with respect to the question of liability for, and damages resulting from, the occurrence. Id. at 142.
While it is true that in Goodman the Court was not faced with an uninsured claim, it expressly noted that it saw no distinction “between liability coverage and uninsured or underinsured motorist coverage that would call for the application of a different rule concerning the question [of] whether the insurer must prove that late notice to it was prejudicial.” Id. (Emphasis added.) The SJC also recognized a tendency in the United States to require proof of prejudice in both uninsured and underinsured motorist coverage cases even when such proof is not required in liability cases. Id., citing State Auto. Mut. Ins. Co. v. Youler, 183 W.Va. 556, 562 (1990); 8 J. Appleman & J. Appleman, Insurance law & Practice §5083.35 (1981); A. Widiss, Uninsured and Underinsured Motorist Insurance §16.2, at 17 (2d ed. 1992). The Court considers the above pronouncement a clear indication that even when faced with an uninsurance situation, the Supreme Judicial Court will require a showing of prejudice. This Court rules accordingly; Safety must show prejudice.
Moreover, the facts before this Court raise a substantial issue relative to the existence or absence of prejudice. Although Safety was not afforded the opportunity to conduct an investigation promptly after the accident, CNA was, and it did conduct an investigation. Presumably, Safety is, or is able to become, privy to the results of that investigation.
Safety asserts that it was not afforded the opportunity to undertake a prompt canvass for witnesses to the accident or to subject Reyes to a prompt, independent medical examination. However, it has not shown that CNA failed to do those things. Moreover, even if CNA did not attempt to canvass for witnesses or to subject Reyes to an independent medical examination, the record is insufficient for the Court to determine as a matter of law that those omissions were material to Safety’s ability to evaluate and process the claim. Hence, issues of fact remain, and the Court is unable to conclude as a matter of law that Safety has suffered prejudice.
The Court recognizes that there may be situations where it can rule that an insurer has been prejudiced as a matter of law,[1] but this is not one of those cases. Safety bears the burden of proving that its rights have been prejudiced. Allegations of prejudice, without more, do not meet this burden.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Safety Insurance Company’s Motion for Summary Judgment be DENIED.

 The cases Safety cites in support of this proposition provide a good example of when a ruling of prejudice per se is warranted. The facts of those cases, however, are much more compelling and egregious than those at issue here.