Lenk, J.
Both the plaintiff, Antoinette Michel (“Michel”), and the defendant, Metropolitan Property & Casualty Insurance Company (“Metropolitan”) have moved for summary judgment. Michel requests the court to declare that either her notice of the accident to Metropolitan was prompt or that the contract provision contained in, the subject automobile insurance policy (“Policy”) requiring prompt notice is unenforceable. Metropolitan requests the court to declare that the plaintiff may not recover uninsured motorist benefits under the Policy based on her failure to comply with the Policy’s “24-hour” provision and/or its “prompt” notice provisions. The parties have submitted an agreed upon statement of facts.
BACKGROUND
The following facts are undisputed:
On February 14, 1993, Michel was operating a motor vehicle owned by a friend. This vehicle was involved in a hit and run accident on a public way. Within 24 hours, Michel reported the accident to the police and to Safety Insurance Company (“Safely”), the insurer of Michel’s friend’s automobile. At the time of the accident, Michel did not own a vehicle and was not a party to an automobile insurance contract. Safety has paid $4,446.00 in personal injury benefits for medical expenses incurred by Michel.
On August 27, 1993, Michel, by her attorneys, presented a claim for uninsured motorist benefits to Metropolitan, the insurance company of Michel’s brother at the time of the accident. Michel’s claim arose as a “household member” as defined in the Policy. Metropolitan has denied Michel’s claim for uninsured motorist benefits based on a lack of prompt notice of the claim.
The insurance Policy, in pertinent part, states the following:
Within 24 hours, notify both the police and us if your auto is stolen or if you have been involved in a hit-and-run accident, (emphasis in original) (Plaintiffs Exhibit “A”, Section 2)
We don’t know about accidents or losses until you or someone else notifies us. We, or our agent, must be notified promptly of the accident or loss by you or someone on your behalf. (Plaintiffs Exhibit “A”, Section 3)
You or Your — refers to the person(s) named in Item 1 of the Coverage Selections Page, (emphasis in original) (Plaintiffs Exhibit “B”)
Item 1 of the Coverage Selections Page of the Metropolitan Policy names only Michel’s brother, who is the Policy holder.
DISCUSSION
Summary judgment is appropriate when, as here, there are no disputed issues of material fact and the moving party is entitled to prevail as a matter of law. Mass.R.Civ. P. 56(c); Kourouvadlis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419,422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra. Contract interpretation, such as that at issue here, is a matter of law for the court to determine. Royal Globe Insurance Company v. Craven, 411 Mass. 629, 632 (1992).[1]
Metropolitan contends that coverage maybe denied because Michel failed to comply both with the “prompt” notice provision and with the 24 hour notice provision in its Policy, and that the failure to comply should result in the denial of uninsured motorist benefits. In support of its argument that Michel did not give “prompt” notice, Metropolitan cites Craven, supra, which states that notice given more than four months after the accident at issue was not “prompt.” Craven, 411 Mass, at 633-634 and n.7. Left unanswered by the court in Craven was the question of whether an insurance company must show prejudice resulting from the late notice. In a recent case, the Supreme Judicial Court addressed this issue, albeit in dicta. Goodman v. American Casualty Co., 419 Mass. 138 (1994). The court stated that “[a] requirement that an insurer must prove that it was prejudiced by any delay in giving notice of an underinsured motorist claim is a logical extension of well-established principles.” Id. at 142. G.L. c. 175 §112 requires an insurer to prove prejudice in order to deny liability insurance coverage. It provides, in relevant part, that:
An insurance company shall not deny insurance coverage to an insured because of failure ... to seasonably notify an insurer of an occurrence, incident, claim or of a suit founded upon an occur *356 rence, incident or claim which may give rise to liability insured against unless the insurance company has been prejudiced thereby.
The Goodman court conceded that because uninsured and underinsured motorist coverages are not liabiliiy coverages, this statute does not “explicitly apply” to these coverages. However, the court does state that it is “aware of no distinction . . . between liability coverage and uninsured or underinsured motorist coverage that would call for the application of a different rule concerning the question whether the insurer must prove that late notice is prejudicial.” Goodman, 419 Mass, at 142. While the court decided Goodman on other grounds, it addressed this question because “the issue [was] presented in other pending cases. It will no doubt arise in future cases.” Id. at 141.
Goodman makes clear that the court’s opinion in Craven “does not stand for any principle contrary to [its] conclusion” in Goodman. Id. at 143. The dicta in Goodman does not appear to be limited to interpreting the “prompt” notice provisions of automobile insurance policies, except to the extent that Craven’s holding was based on such a provision. There is nothing in Goodman to suggest that the same logic should not apply to violations of 24 hour provisions as well as violations of “prompt” notice provisions in Massachusetts automobile policies. Because it would seem that a claim that an insured failed to give “prompt” notice would frequently be accompanied by a claim that the insured failed to give notice within 24 hours, the same rule requiring a showing of prejudice should apply.
Metropolitan argues without specific evidentiary support that it was prejudiced by the undisputed delay in reporting the incident because it was unable itself promptly to investigate the incident. Goodman addressed this issue by noting that
[i]n the instance of underinsured motorist coverage, a late notified insurer may well not be prejudiced because, by definition, there is another insurer involved whose investigation of the occurrence could fulfill the investigative needs of the underinsured motorist insurer. The interests of each insurer usually would be similar with respect to the question of liability for, and damages resulting from, the occurrence.
Goodman, 411 Mass, at 142. In the case at bar, Michel reported the incident to Safely, who conducted an investigation. Metropolitan has offered no evidence that Safety’s investigation was unsatisfactory, or that Safety was less motivated to conduct a thorough investigation than Metropolitan. Delay, without more, is not prejudice and is not a basis to deny coverage.
ORDER
For the foregoing reasons, it is ORDERED that Metropolitan’s motion for summary judgment be DENIED and Michel’s motion for summary judgment be ALLOWED.

In Craven, the court excused the insured from complying with the 24 hour notice provision because she had been in intensive care during the first twenty-four hours after the accident. Id.