FAUSTA DEPINA *vs.* SAFETY INSURANCE COMPANY.

Suffolk. October 3, 1994. - December 13, 1994.

Present: LIACOS, C.J., WILKINS, LYNCH, & GREANEY, JJ.

*Insurance*, Motor vehicle insurance, Underinsured motorist.

Where a person injured in an automobile accident is insured under her
   own motor vehicle insurance policy providing coverage as to a vehicle
   insured in her name and also providing underinsurance coverage in an
   amount in excess of the compulsory limits for bodily injury to another,
   she may not recover, after settling her claim with the tortfeasor for less
   than the amount of her damages, under the higher underinsurance cov-
   erage provided under a motor vehicle insurance policy issued to another
   household member as the owner of a second vehicle. [135-137]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 22, 1992.

The case was heard by *J. Harold Flannery*, J., on motions
for summary judgment.

The Supreme Judicial Court granted a request for direct
appellate review.

*John T. Ronan* for the plaintiff.

*Alice Olsen Mann* (*Karyn T. Hicks* with her) for the
defendant.

*Theodore F. Riordan & Kenneth Latronico*, for Liberty
Mutual Insurance Company, amicus curiae, submitted a
brief.

WILKINS, J. This is the first of three cases that we decide
today involving underinsured motorist coverage under a Mas-
sachusetts automobile insurance policy. We hold that, where
a household member has her own motor vehicle insurance
policy, providing coverage as to a vehicle insured in her name
and also providing underinsurance coverage in an amount
($20,000/$40,000) in excess of the compulsory limits for

bodily injury to another, she may not recover under the higher underinsurance coverage ($100,000/$300,000) provided under a motor vehicle insurance policy issued to her husband as the owner of a second vehicle.

This case is here after our allowance of the plaintiff's application for direct appellate review of a summary judgment dismissing her complaint. The material facts are not in dispute.

The plaintiff, operating a motor vehicle owned by a third person, was injured in a motor vehicle accident on July 28, 1990, as the result of the negligence of the operator of another vehicle. Three other persons were also injured in that accident as a result of the negligence of that other driver. In settlement of her claim against the tortfeasor, the plaintiff received $29,333, which was substantially less than the damages she sustained. The tortfeasor had available insurance coverage of $100,000 for each accident which was allocated among the plaintiff and the three other injured persons. The defendant insurer (Safety) approved the settlement.

The plaintiff had a motor vehicle insurance policy issued by Safety for a one-year policy period that commenced on May 6, 1990. That policy provided underinsurance coverage of $20,000 for each person and $40,000 for each accident. Because the tortfeasor's limits for bodily injury liability insurance exceeded the limits of the underinsurance coverage provided under her policy, the plaintiff makes no claim that she is entitled to underinsurance coverage under that policy.

The plaintiff instead claims underinsurance benefits under her husband's motor vehicle insurance policy, which was issued for a one-year policy period that commenced on August 1, 1989, and provided underinsurance coverage of $100,000 for each person and $300,000 for each accident. Safety denied the plaintiff underinsurance coverage under her husband's policy. That coverage is available to the named insured (the husband) and to any household member (such as the plaintiff) according to the policy "unless the household member has a Massachusetts auto policy of his or her own."

The plaintiff had such a policy. Thus the trial judge was correct in deciding that Safety had no obligation to the plaintiff.

The fact, if true, that the plaintiff and her husband owned the two vehicles jointly and paid for them and paid insurance premiums with funds held in a joint checking account makes no difference. Each spouse was named on the coverage selection page of only one policy and was a household member and listed operator under the other policy. If the plaintiff has a valid grievance against Safety that she should have been named on the coverage selection page of both policies as a person to whom the policy was issued, it is not presented by the summary judgment record in this case. Similarly, this record presents no basis for a claim that Safety should have advised her of the consequences of her owning a separate policy with lower underinsurance coverage than that stated in her husband's policy.

The policy language is consistent with the relevant portion of G. L. c. 175, § 113L (5) (1992 ed.), also applicable to underinsurance coverage (see G. L. c. 175, § 113L [2] [1992 ed.]), that "[a] person who is a named insured and who suffers bodily injury . . . while occupying a nonowned motor vehicle registered for highway use may recover only from the policy providing the highest limits of uninsured motorist coverage on which such person is a named insured."

Because the plaintiff sought declaratory relief in this action, the complaint should not have been dismissed, but rather a judgment should have entered stating that, with respect to the July 28, 1990, motor vehicle accident, the plaintiff is not entitled to underinsured motorist benefits under the automobile insurance policy that Safety Insurance Company issued to her husband.

The judgment is vacated and a judgment shall be entered making such a declaration.

*So ordered.*