Doerfer, J.
The plaintiff, Debra Roberts (“Roberts”), brought this action against the defendant, Safety Insurance Company (“Safety”), seeking a declaration that she is entitled to underinsured motorist benefits under a policy issued to her husband, Brian Roberts, by Safety. Safety contends that Roberts, as a named policy holder, is only entitled to recover the underinsured motorist benefits under her own policy. Both parties have moved for summary judgment. For the reasons which follow, the plaintiffs motion for summary judgment is denied. The defendant’s cross-motion for summary judgment is allowed.
BACKGROUND
The parties have stipulated to the following facts:
On November 29, 1990, Roberts suffered personal injuries when her vehicle was struck by a vehicle operated by Peter DiForte, Jr. (“DiForte”). DiForte’s vehicle was insured under a policy with Safety which contained bodily injury coverage in the amount of $15,000 per person and $30,000 per accident. Safety settled Roberts’ claim against DiForte for the $15,000 policy limit. Roberts asserts that the $15,000 liability insurance limit was insufficient to compensate her for her damages.
Roberts owned the vehicle she was occupying at the time of the November 29, 1990 accident. Her vehicle was insured under a policy issued to her by Safety. Roberts elected not to purchase underinsured coverage and did not pay a premium for such coverage under her Safety policy. Safety, however, supplied underinsured coverage to her, free of charge, in the amount of $10,000 per person and $20,000 per accident.
Safety also issued an automobile insurance policy to Roberts’ husband, Brian Roberts, which was in effect at the time of the November 29, 1990 accident and listed a motor vehicle owned by Brian Roberts as the insured automobile. Brian Roberts elected to obtain underinsurance coverage in the amount of $100,000 per person and $300,000 per accident. Roberts asserts that, as a member of the household, she is entitled to the underinsured motorist benefits under her husband’s insurance policy. Safety contends that, because Roberts had a policy of her own at the time of the accident, she is not entitled to coverage under her husband’s policy.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989) .
G.L.c. 175, §113L(5) provides, in pertinent part, that:
A person who is a named insured and who suffers bodily injury or death:
(b) while occupying an owned motor vehicle registered for highway use and which had in effect the *194 coverage required by this section shall recover uninsured motorist coverage only from the policy covering such occupied vehicle . . ,"[1]
G.L.c. 175, §113L(5) (emphasis added).
In the present case, Roberts owned and insured the vehicle she was occupying at the time of the accident. Her policy provided, in relevant part, that:
We will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own providing similar coverage or who is covered by a Massachusetts auto policy of another household member providing similar coverage with higher limits.
(Ex. B. to Plaintiffs Memorandum) (emphasis added).
Roberts contends, however, that because she did not elect underinsured coverage, and, instead, Safety gratuitously provided her with $10,000/$20,000 in underinsured coverage, both G.L.c. 175, §113L and the policy language are inapplicable to bar her from recovering underinsured coverage under her husband’s policy. Roberts further contends that the underinsured coverage provided to her by Safety is illusory. Because the compulsory limits in Massachusetts match her underinsured limits, Roberts contends that the “anti-stacking” provisions contained in G.L.c. 175, §113 will always preclude her from recovering underinsured motorist benefits.
In Smart v. Safety Insurance Co., 419 Mass. 144 (1994), the Supreme Judicial Court rejected an argument by the plaintiff that underinsured coverage in the amount of$10,000/$20,000 was illusoiy. Id. at 147-48. The Court found that there were instances, i.e. when the tortfeasor is an out-of-state driver, which would render the underinsured coverage valuable. Id. Accordingly, this court similarly rejects Roberts’ argument that the underinsured coverage in her policy is illusory.
In Smart, the Supreme Judicial Court further held that an individual who had a Massachusetts Automobile Insurance Policy of his own in which he elected minimal underinsurance coverage was not entitled to recover underinsured coverage under a policy issued to a household member. Id. at 149. In its analysis of the issue, the Court “express(ed) no view on what the result would have been if [the injured person] had elected to have no underinsured motorist coverage under his policy.” Smart, supra at 149, n.6. However, the Court found that the Legislature, through its amendment of G.L.c. 175, §113L(5), had expressed an intent “that a person who is a named insured may look for underinsured motorist coverage only to the policy or policies on which he or she is the named insured, at least if that policy provides some underinsured motorist coverage.” Id. at 149 (emphasis added). The Court further noted that:
Any different construction of the requirements of §113L would run contrary to the legislative objective of having each named insured responsible for the extent of his or her underinsured motorist coverage. In a household with two or more insured vehicles, under the plaintiffs interpretation, only one person would need to purchase underinsured motorist coverage, and all other vehicle owners in the household, at no cost to them, would be covered to the limits purchased.
Id; see also Depina v. Safety Insurance Co., 419 Mass. 135, 136-37 (1994) (plaintiff could not recover under-insurance benefits from her husband’s policy when she had a Massachusetts auto policy of her own which provided underinsurance coverage).
Similarly, in the present case, under Roberts’ interpretation of §113L, only one person, her husband, would need to purchase underinsured motorist coverage and all other household vehicle owners would be covered. However, as the Smart Court stated, “the Legislature did not prescribe that there be only one policy providing underinsured motorist coverage in each household.” Smart, supra at 150. “On the contrary, it prescribed that a person who seeks underin-sured motorist benefits look to his or her own policy, if there is one, at least one providing some underin-sured motorist coverage.” Id. (emphasis added).
Roberts had the opportunity to purchase underin-sured motorist coverage in an amount which would have resulted in a recovery of benefits, but she elected not to do so. As the court noted in Pires v. United States Fidelity & Guaranty Co., Norfolk County Civil Action No. 93-1577), if Roberts had purchased $15,000/$30,000 coverage, just above the compulsory limits, she clearly could not recover under her husband’s policy. The result should not be more favorable to her because she elected not to purchase any additional coverage. Id. at 4.
Thus, in accordance with the Supreme Judicial Court’s pronouncement of the legislative intentbehind G.L.c. 175, §113L, the court concludes that Roberts, as a named policy holder with her own insured vehicle, is not entitled to recover underinsured benefits under her husband’s policy. Any other interpretation “would run contrary to the legislative objective of having each named insured responsible for the extent of his or her underinsured motorist coverage.” Smart, supra at 149. In consciously declining to increase the amount of her underinsured coverage, Roberts determined the limits of her recovery in this case.
ORDER
For the foregoing reasons, the plaintiff Debra Roberts’ Motion for Summary Judgment is DENIED. The defendant Safety Insurance Company’s Cross Motion for Summary Judgment is ALLOWED. Judgment shall enter in favor of the defendant.

The statute earlier provides that the term “uninsured motor vehicle” includes underinsured motor vehicles. G.L.c. 175, §113L(2).