NATASHA DULLEA *vs.* SAFETY INSURANCE COMPANY &
another.[1]

Essex. September 10, 1996. - January 3, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Insurance,* Motor vehicle insurance, Underinsured motorist. *Practice, Civil,*
Summary judgment. *Statute,* Construction.

An injured plaintiff, who was a named insured on a Massachusetts
automobile insurance policy which automatically provided a limited
amount of underinsured motorist coverage that the plaintiff did not elect
to supplement, was not entitled pursuant to G. L. c. 175, § 113L (5), to
underinsured motorist benefits under policies issued to a household
member, or alternatively, to the owner of the automobile the plaintiff
occupied when she was injured, and summary judgment was correctly
entered in favor of the insurers. [38-41]

CIVIL ACTION commenced in the Superior Court Depart-
ment on January 10, 1994.

The case was heard by *Peter F. Brady,* J., on a motion for
summary judgment.

The Supreme Judicial Court granted an application for
direct appellate review.

*Joseph S. Provanzano (Curtis I. Davis, III,* with him) for
the plaintiff.

*Alice Olsen Mann (Karyn T. Hicks* with her) for the
defendants.

LYNCH, J. In this case, we must decide whether a named
insured under a Massachusetts automobile liability insurance
policy, who elects not to obtain "optional" underinsured
motorist coverage, is entitled to such coverage under policies
issued to a household member, or alternatively, the owner of
the automobile she occupied when she was injured. The
plaintiff brought an action in the Superior Court against
Safety Insurance Company (Safety) and Metropolitan Prop-

[1]Metropolitan Property and Liability Insurance Company.

erty and Liability Insurance Company (Metropolitan), claiming that, under G. L. c. 175, § 113L (1994 ed.), she was entitled to underinsured motorist benefits.[2] The judge allowed the defendants' joint motion for summary judgment. The plaintiff sought review of this decision in the Appeals Court, and we granted the defendant's application for direct appellate review. We now affirm.

The following facts are not in dispute for the purposes of summary judgment. On October 25, 1990, the plaintiff sustained injuries in a motor vehicle accident involving an automobile in which she was a passenger and an automobile owned and operated by Iroina Ferriera. The plaintiff's damages exceeded the "per person" bodily injury limit on Ferriera's automobile insurance policy.

At the time of the accident, the plaintiff owned her own automobile and thus was the named insured on a Massachusetts automobile insurance policy. The policy coverage selection page purported to provide underinsured motorist coverage of up to $10,000 per person, but no premium was charged for that coverage. The plaintiff did not elect to purchase additional underinsured motorist coverage, leaving that section blank on her application for insurance. The plaintiff is not seeking benefits under her own policy.[3]

Safety issued an automobile insurance policy to Michael Krochmal, the plaintiff's uncle, who resided with her in the same household. Metropolitan issued a policy to Maureen Ouellette, the owner of the automobile occupied by the plaintiff at the time of the accident. The plaintiff is seeking underinsured benefits from these policies.

*Discussion.* Because this case was decided on their motion for summary judgment, the defendants must establish that there is no genuine issue of material fact, Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974); *Golub* v. *Milpo, Inc.*, 402 Mass.

---

[2]The complaint also included counts against both companies based on G. L. c. 93A (1994 ed.). Summary judgment was also granted for the defendants on these claims. The plaintiff did not press these claims below, does not argue them on appeal, and, therefore, they are waived.

[3]The plaintiff cannot recover under her own policy because her underinsured motorist coverage limits are less than the bodily injury limits on Ferriera's policy. G. L. c. 175, § 113L (2) (1994 ed.).

397, 400 (1988), and that they are entitled to judgment as a matter of law. *Madsen* v. *Erwin,* 395 Mass. 715, 719 (1985).[4]

In recent years, uninsured and underinsured motorist coverage have been the subject of numerous decisions of this court and several legislative enactments. The extent and existence of such coverage is largely a matter of statutory interpretation. See *Smart* v. *Safety Ins. Co.,* 419 Mass. 144 (1994); *Goodman* v. *American Cas. Co.,* 419 Mass. 138 (1994); *Depina* v. *Safety Ins. Co.,* 419 Mass. 135 (1994).

In *Smart* v. *Safety Ins. Co., supra,* we decided that "a person who is a named insured may look for underinsured motorist coverage only to the policy or policies on which he or she is the named insured, at least if that policy provides some underinsured motorist coverage." *Id.* at 149. The purpose of the 1988 automobile insurance reform was to reduce insurance rates. *Alguila* v. *Safety Ins. Co.,* 416 Mass. 494, 499 (1993). To accomplish this objective, the Legislature made underinsured motorist coverage optional and prohibited the practice of stacking uninsured and underinsured coverage on different policies. See *Smart* v. *Safety Ins. Co., supra* at 148; *Alguila* v. *Safety Ins. Co., supra.*[5]

The only difference between this case and the *Smart* case is that here the plaintiff did not "elect" underinsured motorist coverage on her application. Seizing on this difference, the plaintiff argues that, under G. L. c. 175, § 113L (2), she did not have underinsured motorist coverage because she did not

----

[4]The plaintiff alleges that whether she had underinsured motorist coverage was a material fact in dispute. The plaintiff was the named insured on a Massachusetts automobile insurance policy. She left the underinsured motorist coverage section of her application blank. Nevertheless, her insurance policy provided her with underinsured motorist coverage of up to $10,000 per person without charging a premium. On these facts, whether G. L. c. 175, § 113L, prohibits the plaintiff from recovering underinsured motorist benefits from any other policy is a question of law. See *Smart* v. *Safety Ins. Co.,* 419 Mass. 144 (1994); *Goodman* v. *American Cas. Co.,* 419 Mass. 138 (1994); *Depina* v. *Safety Ins. Co.,* 419 Mass. 135 (1994).

[5]See St. 1988, c. 273, § 1, noting the Legislature's expectation that the automobile insurance rates after the 1988 amendments would reflect savings attributable, among other things, to "making underinsured coverage optional" and "changing the 'trigger' for compulsory and non-compulsory underinsured coverages" and "the prohibition on 'stacking' underinsured coverages in separate policies."

"elect" to have coverage.[6] Thus, she contends that G. L. c. 175, § 113L (5), allows her to recover underinsured motorist benefits from someone else's policy because her own policy did not provide underinsured motorist coverage.[7] We disagree.

The plaintiff's argument ignores the statutory intent, as elucidated in *Smart* v. *Safety Ins. Co., supra,* of having each named insured responsible for the extent of his or her underinsured motorist coverage. Under the plaintiff's interpretation, members of the same household could obtain underinsured motorist coverage, at no cost, by refusing to "elect" coverage, if one member purchased such coverage. "In eliminating the stacking of underinsured motorist claims, the Legislature did not prescribe that there be only one policy providing underinsured motorist coverage in each household. On the contrary, it prescribed that a person who seeks underinsured motorist benefits look to his or her own policy, if there is one, at least one providing some underinsured motorist coverage." *Smart* v. *Safety Ins. Co., supra* at 150. A limited amount of underinsured motorist coverage was provided by the policy in question. The plaintiff had the option and chose not to buy additional coverage; that was her election. We decline to attach to her failure to elect such coverage a signif-

---

[6]General Laws c. 175, § 113L (2) (1994 ed.), reads, in pertinent part, as follows:

> "(2) For the purpose of [uninsured motorist] coverage, *if* the policyholder or obligor *elects* to purchase [underinsurance coverage], the term 'uninsured motor vehicle' shall also include protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of insured motor vehicles, trailers or semitrailers, to which a bodily injury liability bond or policy applies at the time of the accident and its bodily injury liability bond amount or policy limit is less than the policy limit for uninsured motor vehicle coverage and is insufficient to satisfy the damages of persons insured thereunder and only to the extent that the uninsured motor vehicle coverage limits exceed said limits of bodily injury liability subject to the terms of the policy" (emphasis added).

[7]In *Smart* v. *Safety Ins. Co., supra* at 149 n.6, we left undecided what the result would be if the insured had elected to have no underinsured motorist coverage under his policy.

icance that would run counter to the legislative intent and to the logic of our related decisions.

*Judgment affirmed.*