Hillman, J.
Commerce Insurance Company ("Commerce”) brought this action against the defendant, Paul A. Doherty (“Doherty”), seeking a declaration under Mass. G.L.c. 231A that the combining or “stacking” of a Massachusetts auto insurance policy and a Virginia auto insurance policy is prohibited under G.L.c. 175, §113L (c. 175 §113L). Doherty asserts that c. 175 §113L.does not prohibit stacking of a foreign-state policy and a Massachusetts policy, but rather prohibits the stacking of two Massachusetts policies only.
Doherty has brought a counter-claim against Commerce for: (I) breach of the insurance policy and (II) violation of Mass. G.L.c. 93A. Doherty claims Commerce breached its policy with him when it did not pay a claim made by Doherty under the underinsurance portion of his policy. Commerce contends that it does not have to pay Doherty’s claim because the statute does not permit this type of recovery and even if the statute does permit recovery, Commerce does not owe Doherty because the Virginia insurance company has already paid its policy limits. Consequently, Commerce contends that it only owes a pro rata share of that payment to the other insurance company.
Doherty further contends that Commerce has violated G.L.c. 93A because of its lack of attention to this case and its intention of stalling an investigation of the claim. Commerce contends that it has acted within the scope of the law and has done nothing that violates the statute.
For the reasons given below, Commerce’s motion is DENIED and Doherty’s cross motion is ALLOWED in part and DENIED in part.
BACKGROUND
Commerce is a Massachusetts corporation with a usual place of business situated in Webster, Worcester County, Massachusetts, and is an insurance company duly licensed to sell automobile insurance in the Commonwealth of Massachusetts. Doherty is a resident of Foxboro, Massachusetts.
On September 10, 1991, Doherty was seriously injured when a drunk driver, Valerie Huzinec (“Huzinec”), rear-ended him and George Lancaster (“Lancaster”), Doherty’s son-in-law, while they were in Lancaster’s automobile. As a result of the crash, Doherty sustained fractured ribs, a punctured lung, a torn rotator cuff, a fractured left ring finger and suffered from pneumonia and emotional distress.[1] At the time of the accident, Lancaster’s automobile was registered in Virginia and insured by United Services Automobile Association (“USAA”). The USAA policy had an “uninsured motorist” coverage of $100,000.00. Huzinec had the bodily insurance coverage for $20,000.00
Doherty recovered the full amount of Huzinec’s bodily injury insurance coverage and USAA tendered the difference of its policy with Lancaster.[2] On November 21, 1992, Commerce informed Doherty that USAA was the “primary carrier” for underinsurance benefits and that Commerce would serve as the “excess carrier.” On October 12, 1995, Commerce notified' Doherty of its intention not to pay any claim as the excess carrier. Commerce stated as the grounds for this refusal the fact that USAA had paid over its policy limit and therefore Commerce was obligated to now pay USAA a pro rata share of that settlement.
Doherty alleges that Commerce used stalling tactics against Doherty by refusing to take any action on Doherty’s claim. Doherty insisted on arbitration to settle the dispute, Commerce then initiated this action in Superior Court for declaratory judgment under G.L. 231A.
DISCUSSION
Summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. See Kourouvacilis v. General Motors Corp, 410 Mass. 706, 716 (1991). “A party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates . . . that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s claim” id.; see Dalloff v. School Committee of Methuen, 9 Mass.App.Ct. 502, 505 (1980). A plaintiff who moves for summary judgment bears, in practical effect, a more stringent burden of proof than a defendant. Mowbray v. Waste Management Holding, Inc., 45 F.Sup.2d 132, 138 (D.Mass. 1999).
In the present case, Commerce does not have a reasonable expectation of proving its assertion that c. 175 §113L is applicable to this case. Commerce does, however, have a reasonable expectation of proving that it did not violate c. 93A.
*473 I. Commerce’s Motion for Summary Judgment.
Commerce relies heavily on c. 175 §113L and Massachusetts case law to support its position that “stacking” is not permitted in Massachusetts.[3] These cases, however, only deal with a Massachusetts insured trying to stack one Massachusetts auto insurance policy with at least one other Massachusetts insurance policy. See Goodman v. American Casualty Company, 419 Mass. 138 (1994) (one Massachusetts insured driver trying to collect from her husband’s higher underinsurance policy); Depina v. Safety Ins. Co., 419 Mass. 135 (1994); Smart v. Safety Ins. Co., 419 Mass. 144 (1994); Dullea v. Safety Ins. Co., 424 Mass. 37 (1997) (estate of a dead son trying to collect from father’s underinsurance policy). The statutory scheme underlying the 1988 Automobile Insurance Reform Act dictates that stacking of uninsured or underinsured motorist coverage is not allowed under any Massachusetts auto insurance policy issued on or after January 1, 1989. Plymouth Rock Assurance Corp. v. McAlpin, 38 Mass.App.Ct. 755, 756 (1992). The Supreme Judicial Court has stated that the “strict command” of c. 175 §113L must be followed concerning the stacking of auto insurance policies. Cardin v. Royal Ins. Co., 394 Mass. 450, 456 (1985).
Each of the cases cited by the court instructs that the language of the statute is subject to strict interpretation. Applying such a strict interpretation, the court reads c. 175 §113L to apply to auto insurance policies that are issued or delivered in the Commonwealth. The court interprets this to mean therefore, that the c. 175 §113L prohibition against stacking, applies only to policies that are issued and delivered in Massachusetts.
The court’s interpretation of the statute is supported by the legislative intent behind the statute. The legislature’s intent in creating the Automobile Insurance Reform Act of 1988 was to lower the rates Massachusetts insured were paying. These rates were increasing due to stacking of policies by Massachusetts insured when they got into auto accidents. Massachusetts insured lost the ability to use stacking to increase the amount of their settlement, but gained a lower insurance rate and enabled them to purchase more insurance coverage.
Given this strict reading of the statute, this court can not apply G.L. 175 § 113L in this case. Commerce’s reliance on the statute is misplaced because the statute governs Massachusetts policies only. Since Lancaster’s policy was neither delivered nor issued in Massachusetts, Commerce can not prove that c. 175 §113L applies to Doherty’s claim. The involvement of the Virginia insurance policy bars the application of the statute.
II. Doherty’s Motion for Summary Judgment
Doherty’s motion for summary judgment is based on two counts; Commerce can not show that it did not breach of contract and that it did not violate G.L. 93A. This court agrees in part with Doherty’s argument.
a) Breach of Contract
Doherty’s motion on breach of contract is based on two propositions, the first is that G.L. 175 §113L is inapplicable in this case and does not excuse Commerce's performance. His second proposition is that this court should apply the Virginia insurance policy and allow Doherty to stack the policies, placing Commerce further in breach.
The court’s determination of Doherty’s first argument is apparent from the aforementioned analysis concerning Commerce’s summaiy judgment motion. G.L. 175 §113L is inapplicable in this case because both policies were not issued or delivered in Massachusetts. Because the statute is inapplicable, Commerce would not be able to show that it can reasonably prove an essential element of its defense. Doherty’s second proposition leaves this court with a choice of law issue.
The notion of Massachusetts’ courts looking to foreign state laws when construing auto insurance policy is not novel. The Supreme Judicial Court recently looked to the policy of a foreign state when the question of statute of limitation arose in an auto insurance case involving two Massachusetts residents in an auto accident in Massachusetts but one of the autos was insured in a foreign state. See Khan v. Royal Insurance Company, 429 Mass. 572 (1999). In that case, The Supreme Judicial Court applied the foreign state law and stated that because the foreign state may have more of an interest even though the accident occurred and its participants are in Massachusetts.[4] Id.
In the case at bar, Commerce can not show that Massachusetts law should govern because Massachusetts has no substantial interest in this insurance policy claim. The foreign insurance company has already negotiated the settlement, Commerce accepted its secondary role as the excess carrier in this agreement, and this case will not adversely effect insurance rates in Massachusetts since Commerce will be the only Massachusetts insurance company paying on the claim. As previously stated, there is no stacking as defined by the statute and case law because it is not two Massachusetts insurance policies at issue in this case which further lessens Massachusetts interest in this case.
Commerce has already argued, in the alternative, that if the court did not apply G.L. 175 §113L, that it does not have to pay Doherty any sum of money but rather would owe the Virginia insurance company half of what it paid Doherty. The court disagrees with this assertion because the Virginia policy allows for the pooling of the policies which would create $200,000.00 worth of coverage. Doherty has not recovered this amount so the Virginia policy is not owed *474 any money, Doherty is owed the difference between what he has recovered, $100,000, and what the Virginia policy would allow in recovery, $200,000.00. Commerce owes Doherty since Doherty has not recovered the full limit of the policy because the Virginia policy governs and Commerce accepted its role as the excess carrier.
This court applied the choice of law analysis and determined that Virginia insurance will govern this transaction. When this court applies the Massachusetts summary judgment standard to this transaction, Commerce does not have a reasonable expectation of showing that under the Virginia policy as applied by this court, it does not owe Doherty its share as the excess carrier on the stacked policy.
b) Doherty’s G.L.c. 93A Claim
The question of whether Commerce violated G.L. 93A in its investigation of Doherty’s claim should be left for the trier of fact because Commerce maybe able to show that it did investigate the claim and did not commit an unfair or deceptive act in its investigation of Doherty’s claim.[5] See Metropolitan Property and Casualty Insurance Company v. Choukas, 47 Mass.App.Ct. 196 (1999).
CONCLUSION
Commerce’s motion for summary judgment is DENIED. Doherty’s motion for summary judgment is ALLOWED as to Doherty’s breach of contract claim and it is hereby ORDERED that Commerce must pay the remainder of the combined recovery pool between the Virginia policy and Massachusetts policy. Doherty’s motion for summary judgment based on a G.L. 93A claim is DENIED.

The fractured finger has required multiple surgeries and insertions of metal pins. Despite these attempts to rehabilitate the finger, Doherty has lost full function of this finger and may need more surgery and possibly a joint replacement.

Under the terms of its policy, USAA may subtract the amount received from the tortfeasor’s insurance, so Doherty collects $80,000.00 from USAA (USAA uninsurance policy minus Huzinec’s bodily injury policy).

“Stacking is where a claimant adds all available policies together to create a greater pool in order to satisfy his actual damages.” Cardin v. Royal Ins. Co. of America, 394 Mass. 450, 456, n.7 (1985).

The Supreme Judicial Court reasoned that the Khans had relied on an entirely foreign-state based insurance transaction so Massachusetts did not have a substantial interest in that case. Khan v. Royal Insurance Company, 429 Mass. 572, 575 (1999). This court follows that reasoning since Doherty was in a car of a Virginia insured driver with that driver insured under a Virginia insurance policy. Doherty is seeking to enforce his rights under the Virginia policy, which the Khans were trying to avoid in their case because the Florida Statute of Limitations had run.

The court observes that plaintiff is not bringing an action under G.L.c. 176D but only 93A. The court points out G.L. 176D(9)(f) requires insurance companies to effectuate a fair and equitable settlement.