Kern, Leila R., J.
The plaintiffs, Joseph and Ellen Dell’Aquila (collectively Dell’Aquila), brought this action against defendant Commerce Insurance Company, alleging that Commerce should have reimbursed Joseph Dell’Aquila under the underinsurance clause of Ellen Dell’Aquila’s insurance policy when Joseph Dell’Aquila was injured in an automobile accident. Ellen Dell’Aquila also brings a claim for loss of consortium. The matter is before this court on Commerce’s Motion for Summary Judgment. For the reasons set forth below, the defendant’s motion is ALLOWED.
BACKGROUND
The undisputed facts and the disputed facts viewed in the light most favorable to the non-moving party, Dell’Aquila, supported by evidence, are as follows.
Joseph Dell’Aquila was injured in an accident that occurred on or about October 7, 2003, when he was a passenger in his son, Jason Dell’Aquila’s, car. The driver of the other car’s insurance company paid the policy limit, $20,000, to Joseph for the bodily injuries he sustained. Jason’s insurance company paid an additional $20,000. Joseph, indicating he has sustained injuries in excess of $40,000, filed a claim under Ellen Dell’Aquila’s insurance policy for under-insurance benefits.
Commerce denied Joseph’s claim for underinsurance benefits under his wife’s policy. Joseph was not a named insured on Ellen’s insurance policy, but he was a listed operator. Ellen’s policy stated that Commerce would not pay benefits to or for any household member who had a Massachusetts policy of their own.[2] At the time of the accident, Joseph had his own insurance policy which provided underinsurance benefits of $20,000. Joseph and Ellen were members of the same household at the time of the accident. For these reasons, Commerce denied Joseph’s claim.
Dell’Aquila utilized Commerce’s agent, The Protector Group Insurance Agency, Inc., in obtaining automobile insurance policies issued by Commerce. At the time Ellen’s insurance policy was being renewed, the agent sent to Dell’Aquila an “Automobile Coverage Reference Guide.” This guide explained underinsurance protection but did not include the qualifying language that was in the insurance policy itself. Dell’Aquila claims that they had no knowledge of the limitation placed on underinsurance benefits.
DISCUSSION
The court will grant summary judgment where there are no genuine issues of material fact and the summary judgment record entitles the moving party *336 to judgment as a matter of law. Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983). Accordingly, the court will grant a motion for summary judgment where there is an absence of evidence to support the non-moving party’s position. Rogers v. Fair, 902 F.2d 140, 143 (1st Cir. 1990). The opposing party must establish by reference to competent and admissible evidence that a genuine issue of material fact exists. See Mass.R.Civ.P. 56; Chiu-Woo v. May, 17 Mass.App.Ct. 949 (1983). The court should not weigh evidence, assess credibility, or find facts; it may only consider undisputed material facts and apply them to the law. Kelly v. Rossi, 395 Mass. 659, 663 (1985). The court must view the facts in the light most favorable to the non-moving party. See U.S. Enters., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991).
Pursuant to G.L.c. 175, §113L(5), an injured person who is entitled to underinsurance motorist benefits cannot recover underinsurance benefits under a policy issued to a household member where that person has his own policy in which he is a named insured. The policy under which Joseph is seeking to receive benefits specifically excludes him from collecting, as he had a policy of his own in which he was the named insured as of the time of the accident. He was not a named insured under his wife’s policy. See Dullea v. Safety Ins. Co., 424 Mass. 37 (1997).
Dell’Aquila points to a letter they received from their insurance agent and a brochure/advertisement their agent sent to them to argue that their expectations of coverage were different. There is no ambiguity in the terms of the policy, so parole evidence will not be examined. Cf. Medieros v. Middlesex Ins. Co., 48 Mass.App.Ct. 51, 53 n.1 (1999).
Additionally, Ellen’s claim for loss of consortium fails for the same reasons Joseph’s claim fails; i.e., he was not listed as an insured on Ellen’s policy. Therefore, Dell’Aquila’s claim will be dismissed.
ORDER
For the reasons discussed above, it is ORDERED that defendant’s Motion for Summary Judgment be ALLOWED.

The relevant policy section states: “We will pay for damages to or for: ... 2. Any household member . . . while occupying an auto not owned by you . . . We will not pay damages to or for any household member who has a Massachusetts auto policy of his or her own or who is covered by a Massachusetts auto policy of another household member providing underinsured auto insurance with higher limits.”