Lemire, James R., J.
This is an action, pursuant to G.L.c. 251, in which the plaintiff, Scott C. Boulette (“Boulette”), seeks to compel the defendant, Safety Insurance Company (“Safety”), to submit to arbitration for a determination as to whether Boulette is entitled to underinsurance benefits for damages he suffered in an automobile accident. Safely has filed a counterclaim for declaratory judgment as to the rights and obligations of the parties under the subject insurance policy and asks that the Court stay appointment of an arbitrator pending resolution of its counterclaim. The matter is now before the Court on Boulette’s motion for partial summary judgment and Safety’s cross motion for partial summary judgment. For the reasons set forth below, Boulette’s motion is DENIED. Safety’s cross motion is ALLOWED.
BACKGROUND
On December 31, 2001, Boulette suffered serious injuries when the vehicle that he was operating, which was owned by Computer Design, Inc. (“Computer Design”), was struck from behind by another vehicle owned by Lome A. Thompson and operated by William B. Thompson. The Thompsons’ vehicle was insured by Premier Insurance Company and provided liability coverage up to $100,000.00 per person and $300,000.00 per accident. Boulette settled his underlying tort claims against the Thompsons and Premier Insurance Company for less than the amount of his claimed injuries.
*482 The vehicle that Boulette had been operating was insured by Safety under a “Commercial Auto Policy” (“the Safety policy”) for the period from November 28, 2001, through November 28, 2002. Computer Design was the named insured. Boulette was the owner of Computer Design, as well as its president, treasurer and sole shareholder. He was listed on the Safety policy as a driver. The Safety policy provided underinsured motorists coverage up to $250,000.00 per insured person and $500,000.00 per accident.
At the time of the accident, Boulette personally owned and insured an antique 1964 Chevrolet Corvair. A policy covering the vehicle was issued by Metropolitan Property & Casualty Company and. named Boulette and his wife as insureds. The Metropolitan policy was in effect from February 21, 2001, through February 21, 2002, and, as such, was in effect on the date of Boulette’s accident. Boulette alleges that he purchased the Metropolitan coverage for the Corvair solely so that it could be registered as an antique and towed to his new residence. Despite his stated intent not to drive it, Boulette purchased optional bodily injury and medical payments coverage for the Corvair. He did not purchase the optional underinsurance coverage.
Boulette now seeks underinsurance coverage on the Computer Design auto policy under a provision that provides coverage to Computer Design and “anyone else while ‘occupying’ a covered ‘auto’ [under the Computer Design policy].” The sentence immediately following that provision states, “We will not pay damages to or for anyone else who has a Massachusetts auto policy of his or her own, or who is covered by a Massachusetts auto policy of any ‘household member’ providing underinsured auto coverage.”
Under the “Underinsured Motorists Coverage” endorsement incorporated in the Safety policy, there is an arbitration provision, which provides: “If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or operator of an ‘underinsured motor vehicle’ or do not agree as to the amount of damages, either party may make a written demand for arbitration. However, in no event may a demand for arbitration constitute first notice of claim. We must be given sufficient notice of claim to conduct a reasonable investigation and attempt settlement before arbitration can be used.”
Boulette seeks to compel arbitration on the basis that the parties have been unable to reach agreement as to the amount of damages, if any, that Boulette is entitled to recover under the underinsured motorists coverage provisions of the Safely policy. Safely contends that Boulette is not an insured under the terms of the policy’s underinsured motorists coverage and, accordingly, that he is not entitled to avail himself of the policy’s arbitration provisions. It is not clear whether Boulette has complied with the arbitration provision’s requirement of written demand prior to filing his complaint.
DISCUSSION
I. Boulette’s motion to compel arbitration
Boulette moves, pursuant to G.L.c. 251, §2(a), to compel Safely to proceed to arbitration based on the aforementioned provision in the “Underinsured Motorists Coverage” endorsement incorporated in the Safety policy. The statute provides that, if the opposing party in an action to compel arbitration denies the existence of an agreement to arbitrate, “the court shall proceed summarily to the determination of the issue so raised and shall, if it finds for the applicant, order arbitration; otherwise, the application shall be denied.” Id. Safety contends that Boulette is not entitled to arbitration under the policy.
The arbitration provision at issue is simply an iteration of the statutory requirement that “(an under-insurance] policy or endorsement or rider shall provide that determination as to whether the insured or his legal representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the insurer or, if they fail to agree, by arbitration.” G.L.c. 175, §11 ID. The provision mirrors the one at issue in Lumbermens Mutual Casualty Company v. Malacaria, 40 Mass.App.Ct. 184 (1996). There, the Appeals Court said:
In plain terms, this provision commits to arbitration the determination whether an injured party such as Nancy Malacaria can recover damages under the policy from the operator of another vehicle, and, if so, the amount of the damages. These matters typically involve factual determinations of relative or comparative fault, and the extent of injuries proximately caused by the other motorist’s fault. By contrast, the provision does not contemplate that legal questions involving the insurer’s possible liability to the insured under the policy will be determined through arbitration. Hence, we do not think that Lumbermens was contractually bound by its policy to submit to arbitration a coverage question, such as the one here presented.
Id. at 188-89.
Similarly, this case involves a coverage question, not a determination of relative fault or damages. Taken in context, the clause that provides for arbitration where the parties “do not agree as to the amount of damages” operates in conjunction with the clause that provides for arbitration where the insurer and insured “disagree whether the insured is legally entitled to recover damages from the owner or operator of an ‘underinsured motor vehicle.’ ” Therefore, the only sensible reading of the provision is that either party may request arbitration where there is a dispute as to the amount of damages that the insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle. Because this dispute *483 does not arise from a disagreement as to whether Boulette may recover from the Thompsons, as the owner/operator of the underinsured vehicle, but rather over whether Boulette is entitled to underinsurance coverage under the Safety policy, the Court finds that the narrow arbitration provision does not apply. Accordingly, Boulette’s motion for appointment of an arbitrator is denied.
II. Safety’s cross motion
for declaratory judgment
Having found that Safety is not required to submit to arbitration over this matter, the Court now turns to Safety’s request for a declaration as to the respective rights of the parties under the policy. The sole issue is whether Boulette is precluded from recovering under-insurance benefits under the Safety policy because he had a separate Massachusetts automobile policy for which he was the named insured. Boulette acknowledges that his claim would be barred if the Court were to apply the general rule set forth in Mercandante v. Worcester Insurance Company, 62 Mass.App.Ct. 293 (2004). He suggests, however, that the circumstances of his case justify an exception to the rule.
In Mercandante, the Appeals Court upheld the trial court’s grant of summary judgment in favor of the defendant insurer where the plaintiff was insured as a “household member” under her husband’s motor vehicle policy and where the commercial auto policy under which the plaintiff sought underinsurance coverage benefits expressly precluded her as an “occupant” under the commercial auto policy by virtue of her coverage under her husband’s policy. 62 Mass.App.Ct. at 296-301. The Safety policy contains a similar provision, which also excludes from under-insurance coverage any occupant who has a Massachusetts auto policy of his or her own.
In attempting to distinguish his case, Boulette contends that he cannot reasonably be expected to look for underinsurance benefits to a policy covering an inoperable antique motor vehicle, although the record suggests that he had the option of obtaining underin-surance coverage on his Metropolitan policy and elected not to do so. In any event, Boulette cites no authorify for his proposition that insurance policies on antique vehicles should be exempt from the Legislature’s directive that “each named insured [be] responsible for the extent of his or her underinsured motorist coverage.” Dullea v. Safety Ins. Co., 424 Mass. 37, 40 (1997), interpreting G.L.c. 175, §113L.
The plain language of the Safety policy provides that “We [Safety] will not pay damages to or for anyone else who has a Massachusetts auto policy of his or her own[.]” It is undisputed that Boulette had a Massachusetts auto policy of his own at the time he was injured in Computer Design’s vehicle. Accordingly, regardless of Boulette’s intentions when he designated himself as the named insured on the Metropolitan policy covering his antique 1964 Corvair, Boulette is precluded from recovering underinsurance benefits under the terms of the Safely policy. This result comports with the Supreme Judicial Court’s holding that “a person who is a named insured may look for underinsured motorist coverage only to the policy or policies on which he or she is the named insured, at least if that policy provides some underinsured motorist coverage.” Smart v. Safety Ins. Co., 419 Mass. 144, 149 (1994). The fact that Boulette did not elect to obtain coverage under the Metropolitan policy does not excuse him from this rule. See Dullea, 424 Mass. at 39-41 (“The plaintiff had the option and chose not to buy additional coverage; that was her election. We decline to attach to her failure to elect such coverage a significance that would run counter to the legislative intent and to the logic of our related decisions”).
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion for partial summary judgment is DENIED. The defendant’s cross motion for partial summary judgment is ALLOWED. It is further DECLARED that judgment shall enter for the defendant declaring that the plaintiff is not entitled to underinsured motorist benefits under the subject policy.